## IN THE UNITED STATES DISTRICT COURT
## OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
ZAXCOM, INC.,                                                :
                                                            :
Plaintiff,                                                  :
                                                            :          C.A. No. _____
v.                                                          :
                                                            :
                                                            :
RODE MICROPHONES, LLC. and                                  :          **JURY TRIAL DEMANDED**
FREEDMAN ELECTRONICS PTY LTD.,                              :
                                                            :
Defendants.                                                 :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff, Zaxcom, Inc. ("Zaxcom" or "Plaintiff"), for its Complaint against Defendants Rode Microphones, LLC ("RodeUS") and Freedman Electronics Pty Ltd. ("Freedman")(collectively, the "Defendants")(the Plaintiff and Defendants referred to herein individually as a "Party" and collectively as the "Parties") alleges as follows:

## PARTIES

1. Zaxcom is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business at 230 West Parkway, Unit 9, Pompton Plains, New Jersey 07444.

2. Upon information and belief, RodeUS is a corporation organized and existing under the laws of the state of Delaware, which may be served on its registered agent, The Corporation Trust Company, at its registered office located at 1209 Orange Street, Wilmington, Delaware. *See* Exhibit A.

3. Upon information and belief, RodeUS has its principal place of business at 1209

Orange Street, Wilmington, Delaware.

4.      Upon information and belief, Freedman is a corporation organized and existing under the laws of Australia, operating under Australian Business Number (ABN) 91 000 576 483. *See* Exhibit B.

5.      Upon information and belief, Freedman is the parent company of RodeUS.

6.      Upon information and belief, Freedman trades as "Rode Microphones" ("RodeAU Business Name") and "Rode." *See* Exhibits C and D, Section 1, Background, respectively.

7.      Upon information and belief, Freedman has its principal place of business at 107 Carnarvon Street Silverwater, NSW 2128 Australia. *See* Exhibit E.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code §§1, *et seq*. Zaxcom brings this action: to halt the Defendants' infringement of U.S. Patent Nos. (i) 7,711,443, which issued May 4, 2010 (the "'443 Patent"), (ii) 7,929,902, which issued April 19, 2011 (the "'902 Patent"), (iii) 8,385,814, which issued February 26, 2013 (the "'814 Patent"), (iv) 9,336,307, which issued May 10, 2016 (the "'307 Patent"), (v) 10,276,207, which issued April 30, 2019 (the "'207 Patent"), and (vi) 11,610,605, which issued on March 21, 2023 (the "'605 Patent")(collectively referred to herein as the "Zaxcom Patents" or "Patents-in-Suit"); and to halt the Defendants' interference with Zaxcom's exclusive rights to market, sell, and distribute products pursuant to the Zaxcom Patents in the United States.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, RodeUS is incorporated in Delaware and therefore resides in this District. Venue is appropriate for Freedman because it is the parent company of

2

RodeUS, and it is subject to personal jurisdiction in this judicial district. Upon information and belief, Freedman has also committed acts of infringement in the judicial district, including importing products into this district, and maintains a regular and established place of business within this judicial district via the RodeUS location in the district.

10.     This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court also has subject matter jurisdiction over the Parties based upon complete diversity of the Plaintiff and Defendants pursuant to 28 U.S.C. §1332(a). Plaintiff Zaxcom is a New Jersey corporation, Defendant RodeUS is a Delaware limited liability company, and Defendant Freedman is an Australian Proprietary Company.

12.     Freedman is the parent company of RodeUS, is purchasing and distributing infringing product into the U.S. through its U.S. subsidiary, RodeUS, and is jointly liable for the actions of RodeUS under theories of alter ego, agency, and its direct conduct. Plaintiff has incurred damages in excess of the statutory threshold of monetary damage of at least $75,000.

13.     The claims asserted herein all arise from a common nucleus of operative facts and the proof of each of the claims will include overlapping facts.

14.     This Court has personal jurisdiction over RodeUS, because RodeUS is incorporated in Delaware.

15.     This Court has personal jurisdiction over RodeUS and Freedman because both have committed acts of patent infringement in this judicial district in violation of 35 U.S.C. § 271.

16.     This Court has personal jurisdiction over RodeUS and Freedman because, upon information and belief, they have, at a minimum, solicited and conducted business within the state of Delaware by placing its infringing products into the stream of commerce throughout the United

3

States and being actively engaged in transacting business in Delaware and having committed the complained of tortious acts in Delaware. RodeUS and Freedman, directly and/or through subsidiaries and agents, imports, distributes, offers for sale, and sells its products in the United States, including Delaware, through, at a minimum, commercial internet websites and physical retail stores.

17.     This Court's exercise of personal jurisdiction over Freedman is consistent with the Delaware Long Arm Statute, 10 *Del. C.* 3194, and traditional notions of fair play and substantial justice.

18.     Upon information and belief, RodeUS and Freedman have derived substantial revenue from offering infringing products for sale, selling infringing products, contributing to infringement of the Zaxcom Patents, and inducing infringement of the Zaxcom Patents, all in this district.

19.     RodeUS and Freedman know that its products are available for sale in this district, thereby availing itself of the privilege of acting in the state of Delaware.

20.     The Defendants are offering infringing products for sale in this district by offering for sale wireless transmitters and receivers, and related accessories, including, without limitation, its Wireless Go II Dual Channel Wireless Microphone System ("Rode Go II") and its Wireless Pro Dual-Channel Wireless Microphone System ("Rode Pro") products through its distribution channels in this district.

21.     Upon information and belief, RodeUS and Freedman market and offer the Rode Go II and Rode Pro for sale in this judicial district and throughout the United States through Rode's website and online store at https://rode.com/en-us/microphones/wireless/wirelessgoii?gad_source=1&gclid=CjwKCAjw1t2pBhAFEiwA_-A-

NK7pncEHZns6m_aJC9zalkmNhi3k-FVHlnCZiW7J5n-U2yX7k_pIhhoCmrIQAvD_BwE

("Rode Go II Purchase Page") and https://rode.com/en-us/microphones/wireless/wirelesspro?buyitnow=true ("Rode Pro Purchase Page"), respectively, of the rode.com website ("Rode Website,"), which is available to purchasers in the district. Screen captures from the Rode Go II Purchase Page and Rode Pro Purchase Page showing the Rode Go II and Rode Pro being offered for sale throughout the United States including Delaware is attached as Exhibit F1 and F2, respectively.

22.     The Rode Website lists both RodeUS and Freedman on its support page, with Freedman using its RodeAU Business Name. *See* Exhibit E.

23.     The privacy policy for the Rode Website (through which the Rode Go II and Rode Pro products may be purchased in the district) states "[w]e're RODE Microphones (Freedman Electronics Pty Ltd T/A Rode Freedman Electronics Pty Ltd; ABN 91 000 576 483)." *See* Exhibit D, pg. 1.

24.     The terms and conditions for the Rode Website (through which the Rode Go II and Rode Pro products may be purchased in the district) states "RODE Microphones operates the websites rode.com…" and lists Freedman's Australian address as the address for RODE Microphones in Section 21, Contact. *See* Exhibit G, pgs. 1 and 3.

25.     Section 6 of the terms and conditions for the Rode Website (through which the Rode Go II and Rode Pro product may be purchased in the district) states "RODE is a registered trademark of RODE Microphones/Freedman Electronics." *See* Exhibit G, pg. 1.

26.     The USPTO lists Freedman as the owner of U.S. Registration No. 3,973,968 for the mark "RØDE." *See* Exhibit H.

27.     The Rode Go II and Rode Pro products are sold in physical retail stores including,

but not limited to, the Concord Pike Best Buy store located in Wilmington, Delaware. Screen

captures of the Concord Pike Best Buy webpages, namely,

https://www.bestbuy.com/site/searchpage.jsp?st=rode+go+ii&_dyncharset=UTF-
8&_dynSessConf=&id=pcat17071&type=page&sc=Global&cp=1&nrp=&sp=&qp=&list=n&af=
true&iht=y&usc=All+Categories&ks=960&keys=keys and

https://www.bestbuy.com/site/searchpage.jsp?st=rode+wireless+pro&_dyncharset=UTF-
8&_dynSessConf=&id=pcat17071&type=page&sc=Global&cp=1&nrp=&sp=&qp=&list=n&af=
true&iht=y&usc=All+Categories&ks=960&keys=keys  showing the Rode Go II and Rode PRO,

respectively, being offered for sale in Wilmington, DE is attached as Exhibits I1 and I2,

respectively.

## ZAXCOM'S BUSINESS AND PATENTS

28.     Zaxcom is a leading designer and manufacturer of professional audio equipment.

Zaxcom has been awarded various awards including three Emmy award for outstanding

achievement in Engineering Development and two Academy awards for the design and

engineering of the Zaxcom Digital Wireless Microphone System and Deva multi-track location

sound recorder. As a result of its development and promotional efforts, Zaxcom's audio

equipment is sought after by consumers, especially consumers in the television and film

industries and professional sporting leagues. Aside from the current infringement of one or more

of the Zaxcom patents, Zaxcom is the sole supplier to the television and film industries and

professional sporting leagues for recording systems that allow locally generated audio to be both

locally and remotely recorded with timestamp data as audio data in a manner that facilitates the

repair or combination of such audio data in post-recording engineering.

29.     On May 4, 2010, the United States Patent and Trademark Office ("USPTO") duly

and legally issued the '443 patent entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM."  A true and correct copy of the '443 patent is attached hereto as Exhibit J1.

30.     On April 19, 2011, the USPTO duly and legally issued the '902 patent entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM."  A true and correct copy of the '902 patent is attached hereto as Exhibit J2.

31.     On February 26, 2013, the USPTO duly and legally issued the '814 patent entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM."  A true and correct copy of the '814 patent is attached hereto as Exhibit J3.

32.     On May 10, 2016, the USPTO duly and legally issued the '307 patent entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM."  A true and correct copy of the '307 patent is attached hereto as Exhibit J4.

33.     On April 30, 2019, the USPTO duly and legally issued the '207 patent entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM." A true and correct copy of the '207 patent is attached hereto as Exhibit J5.

34.     On March 21, 2023, the USPTO duly and legally issued the '605 patent entitled "SYSTEMS AND METHODS FOR REPAIRING REMOTELY RECORDED AUDIO DATA." A true and correct copy of the '605 patent is attached hereto as Exhibit J6.

35.     Each of the Zaxcom Patents is valid and legally enforceable.

36.     Zaxcom is the sole and exclusive owner of all rights, title and interest in the Patents-In-Suit and holds the exclusive right to take all actions necessary to enforce its rights in the Patents-In-Suit, including the filing of this patent infringement lawsuit.

37.     Zaxcom has the right to recover all damages for past, present, and future

infringement of the Patents-In-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

38.     The Patents-In-Suit are directed generally to systems and methods for wireless recording of multi-track audio files without the data corruption or loss of data that typically occurs with wireless data transmission.

39.     Upon information and belief, Freedman and RodeUS promote, offer for sale, and sell wireless microphone systems and audio processing products, including its Rode Go II and Rode PRO products.

40.     Upon information and belief, the Defendants market such products, and specifically the Rode Go II and Rode PRO, to compete with Zaxcom's products, including but not limited to, Zaxcom's ZMT4 series transmitter products.

41.     The Rode Go II product includes two transmitters, one receiver, a carry pouch, cables, and microphone covers.

42.     The Rode PRO product includes two transmitters, one receiver, two MagClip GOs (to clip a transmitter to clothing), various cases, cables, and microphone covers.

43.     Notwithstanding Zaxcom's rights, Defendants, without permission or authorization, have infringed and continue to infringe one or more claims of the Patents-In-Suit at least by: (i) offering for sale, and selling; and/or (ii) knowingly and actively contributing to and/or inducing the infringement by others of one or more of the Zaxcom Patents by using, selling, and/or offering for sale certain electronic audio equipment, including the Rode Go II and Rode PRO products.

## COUNT I – PATENT INFRINGEMENT
### (Infringement of the '443 Patent)

8

44.     Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

45.     The '443 Patent is valid and enforceable.

46.     Zaxcom is the owner of all rights, title, and interest in the '443 Patent through assignment.

47.     Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '443 patent. Defendants have infringed and are willfully infringing the '443 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,* by: importing, marketing, offering to sell, selling and distributing the Rode Pro product in the United States; inducing users to use the infringing Rode Pro products in a manner that infringes one or more of the Patents-In-Suit; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

48.     Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

49.     Defendants have contributed to, and continue to contribute to, infringement of one

or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products in a manner that infringes one or more of the Patents-In-Suit. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone) *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a camera and adjust settings). *See also*  Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims of one or more of the Patents-In-Suit. The Rode Go II and Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

50.     The Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringe one or more claims of the '443 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 1 by the Rode Pro product is attached hereto as Exhibit O.

51.     Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the first cease-and-desist letter ("1st Notice Letter") was sent to Mr. Damian Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the

Zaxcom Patents.

52.     In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

53.     Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when a second cease-and-desist letter ("2nd Notice Letter) was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

54.     The Defendants' infringement of the '443 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

55.     The Defendants' infringement of the '443 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the Defendants' are permanently enjoined from infringing the '443 Patent.

56.     Upon information and belief, Defendants' infringement of the '443 patent has been willful pursuant to 35 U.S.C. § 284.

### COUNT II – PATENT INFRINGEMENT
### (Infringement of the '902 Patent)

57.     Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

58.     The '902 Patent is valid and enforceable.

59.     Zaxcom is the owner of all rights, title, and interest in the '902 Patent through assignment.

60.     Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '902 patent. Defendants have infringed and are willfully infringing the '902 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,* by: importing, marketing, offering to sell, selling and distributing the Rode Go II and Rode Pro products in the United States; inducing users to use the infringing Rode Go II and Rode Pro products in a manner that infringes one or more of the Zaxcom Patents; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

61.     The Defendants have induced infringement, and continue to induce infringement of, one or more of the Zaxcom Patents by third parties in violation of 35 U.S.C. §271. Defendants are knowingly and intentionally inducing others to use the Rode Go II products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Go II in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K1, Listing of Rode Go II Educational Videos. Further, Defendants have published a "Wireless Go II User Guide & Support" Manual detailing methods of using the Rode Go II product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M1. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that

person via these freely accessible online videos and manuals.

62.     Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

63.     Defendants have contributed to, and continue to contribute to, infringement of one or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products to infringe one or more of the Zaxcom Patents. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone). *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a camera and adjust settings). *See also*  Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims of one or more of the Patents-In-Suit. The Rode Go II and

Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

64.     The Rode Go II and Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringe one or more claims of the '902 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 1 is attached hereto as Exhibit P.

65.     Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the 1st Notice Letter" was sent to Mr. Damian Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the Zaxcom Patents.

66.     In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

67.     Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when the 2nd Notice Letter was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

68.     The Defendants' infringement of the '902 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the

infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

69.     The Defendants' infringement of the '902 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the Defendants' are permanently enjoined from infringing the '902 Patent.

70.     Upon information and belief, Defendants' infringement of the '902 patent has been willful pursuant to 35 U.S.C. § 284.

<u>**COUNT III – PATENT INFRINGEMENT**</u>
**(Infringement of the '814 Patent)**

71.     Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

72.     The '814 Patent is valid and enforceable.

73.     Zaxcom is the owner of all rights, title, and interest in the ''814 Patent through assignment.

74.     Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '814 Patent. Defendants have infringed and are willfully infringing the '814 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,* by: importing, marketing, offering to sell, selling and distributing the Rode Go II and Rode Pro products in the United States; inducing users to use the infringing Rode Go II and Rode Pro products in a manner that infringes one or more of the Zaxcom Patents; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

75.     The Defendants have induced infringement, and continue to induce infringement of, one or more of the Zaxcom Patents by third parties in violation of 35 U.S.C. §271. Defendants are knowingly and intentionally inducing others to use the Rode Go II products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Go II in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K1, Listing of Rode Go II Educational Videos. Further, Defendants have published a "Wireless Go II User Guide & Support" Manual detailing methods of using the Rode Go II product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M1. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

76.     Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See*

16

Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

77.     Defendants have contributed to, and continue to contribute to, infringement of one or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products to infringe one or more of the Zaxcom Patents. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone). *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a camera and adjust settings). *See also* Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims of one or more of the Patents-In-Suit. The Rode Go II and Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

78.     The Rode Go II and Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringe one or more claims of the '814 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 50 is attached hereto as

Exhibit Q.

79.     Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the 1st Notice Letter" was sent to Mr. Damian Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the Zaxcom Patents.

80.     In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

81.     Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when the 2nd Notice Letter was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

82.     The Defendants' infringement of the '814 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

83.     The Defendants' infringement of the '814 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the

Defendants' are permanently enjoined from infringing the '814 Patent.

84.    Upon information and belief, Defendants' infringement of the '814 patent has been willful pursuant to 35 U.S.C. § 284.

## COUNT IV – PATENT INFRINGEMENT
### (Infringement of the '307 Patent)

85.    Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

86.    The '307 Patent is valid and enforceable.

87.    Zaxcom is the owner of all rights, title, and interest in the '307 Patent through assignment.

88.    Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '307 Patent. Defendants have infringed and are willfully infringing the '307 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,* by: importing, marketing, offering to sell, selling and distributing the Rode Go II and Rode Pro products in the United States; inducing users to use the infringing Rode Go II and Rode Pro products in a manner that infringes one or more of the Zaxcom Patents; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

89.    The Defendants have induced infringement, and continue to induce infringement of, one or more of the Zaxcom Patents by third parties in violation of 35 U.S.C. §271. Defendants are knowingly and intentionally inducing others to use the Rode Go II products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how

to use the Rode Go II in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K1, Listing of Rode Go II Educational Videos. Further, Defendants have published a "Wireless Go II User Guide & Support" Manual detailing methods of using the Rode Go II product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M1. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

90.     Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

91.     Defendants have contributed to, and continue to contribute to, infringement of one or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products to infringe one or more of the Zaxcom Patents. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone). *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a

camera and adjust settings). *See also*  Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims of one or more of the Patents-In-Suit. The Rode Go II and Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

92.     The Rode Go II and Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringe one or more claims of the '307 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 1 is attached hereto as Exhibit R.

93.     Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the 1st Notice Letter" was sent to Mr. Damian Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the Zaxcom Patents.

94.     In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

95.     Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when the 2nd Notice Letter was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

96.     The Defendants' infringement of the '307 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

97.     The Defendants' infringement of the '307 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the Defendants' are permanently enjoined from infringing the '307 Patent.

98.     Upon information and belief, Defendants' infringement of the '307 patent has been willful pursuant to 35 U.S.C. § 284.

### COUNT V – PATENT INFRINGEMENT
**(Infringement of the '207 Patent)**

99.     Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

100.    The '207 Patent is valid and enforceable.

101.    Zaxcom is the owner of all rights, title, and interest in the '207 Patent through assignment.

102.    Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '207 patent. Defendants have infringed and are willfully infringing the '207 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,*

22

by: importing, marketing, offering to sell, selling and distributing the Rode Go II and Rode Pro products in the United States; inducing users to use the infringing Rode Go II and Rode Pro products in a manner that infringes one or more of the Zaxcom Patents; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

103.    The Defendants have induced infringement, and continue to induce infringement of, one or more of the Zaxcom Patents by third parties in violation of 35 U.S.C. §271. Defendants are knowingly and intentionally inducing others to use the Rode Go II products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Go II in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K1, Listing of Rode Go II Educational Videos. Further, Defendants have published a "Wireless Go II User Guide & Support" Manual detailing methods of using the Rode Go II product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M1. The Defendants knowingly induced the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

104.    Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induced the infringing acts with a specific intent to encourage infringement by that

23

person via these freely accessible online videos and manuals.

105.    Defendants have contributed to, and continue to contribute to, infringement of one or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products to infringe one or more of the Zaxcom Patents. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone). *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a camera and adjust settings). *See also*  Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims one or more of the Patents-In-Suit. The Rode Go II and Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

106.    The Rode Go II and Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringe one or more claims of the '207 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 17 is attached hereto as Exhibit S.

107.    Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the 1st Notice Letter" was sent to Mr. Damian

Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the Zaxcom Patents.

108.    In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

109.    Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when the 2nd Notice Letter was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

110.    The Defendants' infringement of the '207 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

111.    The Defendants' infringement of the '207 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the Defendants' are permanently enjoined from infringing the '207 Patent.

112.    Upon information and belief, Defendants' infringement of the '207 patent has been willful pursuant to 35 U.S.C. § 284.

## COUNT VI – PATENT INFRINGEMENT
### (Infringement of the '605 Patent)

113.     Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

114.     The '605 Patent is valid and enforceable.

115.     Zaxcom is the owner of all rights, title, and interest in the '605 Patent through assignment.

116.     Zaxcom has not licensed or otherwise authorized RodeUS or Freedman to make, use, offer for sale, sell, or import any products that embody the inventions of the '605 patent. Defendants have infringed and are willfully infringing the '605 Patent, either literally or under the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271 *et seq.,* by: importing, marketing, offering to sell, selling and distributing the Rode Go II and Rode Pro products in the United States; inducing users to use the infringing Rode Go II and Rode Pro products in a manner that infringes one or more of the Zaxcom Patents; and contributing to the infringement of the Patent-In-Suit, all in violation of Zaxcom's protected U.S. patent rights.

117.     The Defendants have induced infringement, and continue to induce infringement of, one or more of the Zaxcom Patents by third parties in violation of 35 U.S.C. §271. Defendants are knowingly and intentionally inducing others to use the Rode Go II products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Go II in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K1, Listing of Rode Go II Educational Videos. Further, Defendants have published a "Wireless Go II User Guide & Support" Manual detailing methods of using the Rode Go II product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M1. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that

person via these freely accessible online videos and manuals.

118.    Defendants are knowingly and intentionally inducing others to use the Rode Pro products in a manner that infringes one or more of the Zaxcom Patents. This is evidenced by, at a minimum, free educational videos created by Defendants and published on YouTube instructing users how to use the Rode Pro in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit K2, Listing of Rode Pro Educational Videos. Further, Defendants have published a "Wireless Pro User Guide & Support" Manual detailing methods of using the Rode Pro product in a manner that infringes one or more of the Zaxcom Patents. *See* Exhibit M2. The Defendants knowingly induce the infringing acts with a specific intent to encourage infringement by that person via these freely accessible online videos and manuals.

119.    Defendants have contributed to, and continue to contribute to, infringement of one or more of the Patents-In-Suit by third parties. Third parties are using the Rode Go II and Rode Pro products to infringe one or more of the Zaxcom Patents. *See*, at a minimum, Exhibits L1 and L2, respectively. Defendants knew its Rode Go II and Rode Pro products were designed for use with various third-party components including, but not limited to, cell phones and cameras ("Third Party Components") (collectively, the "Combination"). *See*, for example, Exhibit K1, Video 4, 0:22-1:10 (instructing users how to connect the Rode Go II system to a smartphone). *See also* Exhibit K1, Video 2, 2:31-2:51 (instructing users how to connect the Go II Receiver to a camera and adjust settings). *See also*  Exhibit K2, Video 4, 0:18-0:32 (instructing users how to connect the Wireless Pro to a computer and iOS or Android smartphone). *See also* Exhibit M1, pg. 3 and Exhibit M2, pg. 12 (Listing of Third-Party Products compatible with the Rode Pro). The Combination of the Rode Go II or Rode Pro with such Third-Party Components is both patented and infringes various claims of one or more of the Patents-In-Suit. The Rode Go II and

Rode Pro are not staple goods and have no substantial non-infringing use, and the Rode Go II and Rode Pro are each a material part of the Combination.

120.     The Rode Go II and Rode Pro products being imported, offered for sale, and sold by Freedman and/or RodeUS infringes one or more claims of the '605 Patent. An exemplary claim chart demonstrating infringement of exemplary independent Claim 12 is attached hereto as Exhibit T.

121.     Defendant's infringement is intentional and deliberate. Defendant was put on notice of all of the Patents-in-Suit with the exception of the '605 Patent (which had not yet issued) at least as early as March 26, 2021, when the 1st Notice Letter" was sent to Mr. Damian Wilson of RodeUS and Mr. Peter Freedman of Freedman from Zaxcom. The 1st Notice Letter detailed the infringement of the Rode Go II on one or more of the Zaxcom Patents.

122.     In response to the 1st Notice Letter, Zaxcom was informed by Mr. Alex Shtraym, counsel for RodeUS and Freedman, that "Freedman Electronics is the parent company to RØDE, which assumes custody of the Wireless Go II in Australia and sells the product in the U.S."

123.     Defendants were again put on notice of all of the Patents-in-Suit including the '605 Patent on August 25, 2023, when the 2nd Notice Letter was sent to Mr. Shtraym on behalf of RodeUS and Freedman from Zaxcom regarding the Rode Pro product. The 2nd Notice Letter detailed the infringement of the Rode Pro product on one or more of the Zaxcom Patents.

124.     The Defendants' infringement of the '605 Patent has injured Zaxcom. Zaxcom is entitled to  a declaration of infringement and to recover from Defendants the damages suffered by Zaxcom as a result of the Defendants' wrongful acts in an amount to be proven at trial, including lost profits and an amount not less than a reasonable royalty, together with interests and costs, the trebling of such damages under 35 U.S.C. § 284 due to the willful nature of the

infringement, together with interests and costs, a declaration that this case is exceptional pursuant to 35 USC § 285 and awarding attorneys' fees and costs, and pre- and post- judgment interest on damages.

125.    The Defendants' infringement of the '605 Patent will continue to cause Zaxcom irreparable injury and damage for which there is no adequate remedy at law unless and until the Defendants' are permanently enjoined from infringing the '605 Patent.

126.    Upon information and belief, Defendants' infringement of the '605 patent has been willful pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Zaxcom respectfully requests that this Court enter judgment in its favor as follows:

A.      A declaration that one or more Defendants have infringed, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the Patents-in-Suit and that the infringement is willful;

B.      An order granting Plaintiff preliminary and/or permanent injunctive relief including, but not limited to, a preliminary and permanent injunction that enjoins Defendants, their officers, directors, partners, agents, servants, employees, parents, subsidiaries, affiliated corporations or companies, other related business entities, and all other persons acting in concert, participation, or privity with them and/or their successors and assigns from infringing the Patents-in-Suit, or contributing to or inducing anyone to do the same, by acts including manufacture, use, offer to sell, sale, or distribution within the United States, or importation into the United States, of any current or future versions of the Rode Go II and Rode Pro products, the use or sale of which infringes on any one or more of the Patents-In-Suit;

29

C.      An order that Defendants deliver to this Court for destruction all products that infringe, directly or otherwise, or the use of which would infringe, directly or otherwise, any claim of the Patents-In-Suit;

D.      An order awarding Zaxcom damages to which they are entitled to under 35 U.S.C. § 284 for Defendants' infringement of one or more of the Patents-In-Suit, including compensatory damages and the trebling or other enhancement of such damages due to the willful nature of the infringement, but in no event less than a reasonable royalty, together with interest and costs;

E.      An order awarding Zaxcom punitive damages for Defendants' wanton, reckless, intentional, and knowing conduct;

F.      A declaration that this case is exceptional and awarding Zaxcom its costs (including all disbursements), attorneys' fees, and expenses incurred in this action;

G.      An order awarding Zaxcom pre- and post-judgment interest on its damages;

H.      A declaration that this case is exceptional pursuant to 35 USC § 285 and awarding Zaxcom all of its attorneys' fees and costs; and

I.      An order awarding Zaxcom such other and further relief in law or in equity as this Court may deem equitable and proper.

## **DEMAND FOR JURY TRIAL**

Zaxcom, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury on any and all issues so triable by right.


[signatures on the page that follows]

Dated: October 31, 2023

By: */s/ Sean T. O'Kelly*

Sean T. O'Kelly (No. 4349)
O'Kelly & O'Rourke, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com

*and*

Rita C. Chipperson
Chipperson Law Group, P.C.
163 Madison Avenue, Suite 220-40
Morristown, New Jersey 07960
973-845-9071
rcc@chippersonlaw.com

*Attorneys for Plaintiff*
*Zaxcom, Inc.*