## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
ZAXCOM, INC.,                                     :
:
             Plaintiff,          :
:    C.A. No. 23-1245-JFM
             v.              :
:
:    **JURY TRIAL REQUESTED**
RODE MICROPHONES, LLC. and             :
FREEDMAN ELECTRONICS PTY LTD.,   :
:
             Defendants.       :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT

Dated: March 8, 2024

COUNSEL FOR PLAINTIFF ZAXCOM, INC.

Sean T. O'Kelly (No. 4349)
**O'KELLY & O'ROURKE, LLC**
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com

Rita C. Chipperson (*pro hac vice*)
**CHIPPERSON LAW GROUP, P.C.**
163 Madison Avenue, Suite 220-40
Morristown, New Jersey 07960
973-845-9071
rcc@chippersonlaw.com

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ............................................................................ 1

SUMMARY OF ARGUMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 1

I.ARGUMENT ........................................................................................................................ 5

A. FREEDMAN HAS FAILED TO TIMELY ANSWER THE COMPLAINT AND HAS

THEREFORE DEFAULTED ..................................................................................................... 5

   1. Freedman Was Validly Served Through Service Upon Rode ............................................ 5

     a) Service is Valid because Rode is the Alter Ego of Freedman. ...................................... 6

     b) If the Court Finds That Rode is Not the Alter Ego of Freedman, Service is Still Proper

     Because Rode is Freedman's Agent. ...................................................................................... 8

   2. Freedman Failed to Timely Respond to the Complaint. ................................................... 10

B. PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AND COSTS ............................... 11

   1. Plaintiff is Entitled to an Award of Attorney's Fees and Costs of Service Pursuant to Rule

   4(d), 28 USC § 1927, and the Court's Inherent Power. ........................................................ 11

II.CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*,

    607 F. Supp. 227 (D. Del. 1984) ....................................................................... 5, 3, 8

*British Telcoms. PLC v. IAC/InteractiveCorp*,

    356 F. Supp. 3d 405 (D. Del. 2019) ....................................................................... 6

*Commercial Union Ins. Co. v. Alitalia Airlines S.p.A.*,

    347 F.3d 448 (2d Cir. 2003) ............................................................................... 5, 6

*Dawn Donut Co. v. Hart's Food Stores, Inc.*,

    267 F.2d 358 (2d Cir. 1959) ..................................................................................... 7

*Doeblers' Penn. Hybrids, Inc. v. Doebler*,

    442 F.3d 812 (3d Cir. 2006) ..................................................................................... 7

*Goodyear Tire & Rubber Co. v. Haeger*,

    137 S. Ct. 1178 (2017) ............................................................................................. 12

*In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*,

    278 F.3d 175 (3d Cir. 2002) ................................................................................... 12

*Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil*,

    456 F. Supp. 831 (D. Del. 1978) .............................................................................. 8

*Lasky v. Continental Products Corp.*,

    97 F.R.D. 716 (E.D.Pa. 1983) .................................................................................. 5

*Lisson v. ING Groep N.V.*,

    262 F. App'x 567 (5th Cir. 2007*)* ...................................................................... 5, 9

*Mission Prod. Holdings v. Tempnology, LLC*,

    139 S. Ct. 1652 (2019) ............................................................................................. 7

*Mobil Oil Corp. v. Linear Films, Inc.*,

    718 F. Supp. 260 (D. Del. 1989) ................................................................................ 6

*Steven v. Roscoe Turner Aeronautical Corp.*,

    324 F.2d 157 (7th Cir. 1963) .................................................................................... 7

*Upjohn Co. v. Syntro Corp.*,

    1990 U.S. Dist. LEXIS 11512 (D. Del. Mar. 9, 1990) ............................................ 6

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,

    486 U.S. 694 (1988) ................................................................................................ 5

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,

    556 F.2d 406 (9th Cir. 1977) ................................................................................... 8

*Williams v. Giant Eagle Markets*, *Inc.*,

    883 F.2d 1184 (3rd Cir. 1989) ............................................................................... 12

**Statutes**

10 Del. C. § 3111 ............................................................................................................ 10

**Other Authorities**

Notes of Advisory Committee on Rules – 1993 Amendments, Subdivision (d) ......................... 11

**Rules**

Del. Super. Ct. R. Civ. P. 4(f)(III) ................................................................................... 6

Fed. R. Civ. P. 4(d) ....................................................................................................... 11

Fed. R. Civ. P. 4(h)(1) .................................................................................................... 5

Fed. R. Civ. P. 12(a)(1)(A)(i) ......................................................................................... 10

Fed. R. Civ. P. 55(a) ...................................................................................................... 10

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Zaxcom Inc. ("Plaintiff") has filed this patent infringement action against Australian Defendant Freedman Electronics Pty Ltd. ("Freedman") and its U.S. subsidiary Rode Microphones LLC ("Rode") (collectively, the "Defendants"). Rode has filed an Answer and opposes this Motion through Defendants' joint counsel, who refuses to accept service of the Complaint and Summons ("Service") on behalf of Freedman.

## SUMMARY OF ARGUMENT

Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure (the "Rules"), Zaxcom completed Service on Freedman in this action on December 4, 2024, via service on its U.S. subsidiary, Rode. Having failed to file a responsive pleading within twenty-one days as required by Rule 12(a), Freedman is in default, and Plaintiff moves for Entry of Default pursuant to Rule 55(a). If the Court finds Freedman is not in default, Plaintiff separately moves this Court for an Order Acknowledging Service Pursuant to Rule 4(f)(2)(A), or, In the Alternative, an Order Authorizing Service on Defendant Freedman Electronics Pty Ltd Pursuant to Rule 4(f)(3). Both motions are filed to avoid further unnecessary delay and expense as discovery has already begun with Rode's responses to Plaintiff's initial discovery requests due on March 7, 2024, and the Defendants continue to sell infringing products in the U.S. Plaintiff also moves this Court for the mandatory award of attorneys' fees and costs under Rule 4(d) or the award of attorneys' fees and costs under 28 U.S.C. § 1927 and the Court's inherent power.

## STATEMENT OF FACTS

This motion is supported by the declarations of Plaintiff's Counsel Sean O'Kelly ("Ex. A, SO Dec.") with accompanying Exhibits A1 through A4, and Rita C. Chipperson ("Ex. B, RCC

Dec.") with accompanying Exhibits B1 through B9, who both personally conducted or supervised the significant efforts of Plaintiff to effectuate Service on Freedman.

Plaintiff filed its Complaint against both Defendants on October 31, 2023. (D.I.1). On November 2, 2023, Plaintiff emailed a copy of the Complaint and Summons to Freedman's legal counsel with a request for waiver of service (Ex. B, RCC Dec., ¶ 4; Ex. B1). Freedman refused to waive service unless it was made contingent upon Service upon Freedman. (Ex. B, RCC Dec., ¶ 4, Ex. B1).

On December 4, 2023, both Defendants were served through The Corporation Trust Company ("TCTC"), who is Rode's Delaware registered agent for service of process. (Ex. A, SO Dec., ¶ 4, ; D.I.1-1). Freedman was served through TCTC "c/o Rode Microphones, LLC." (Ex. A, SO Dec., ¶ 5; Ex. A1). TCTC rejected service for Freedman (Ex. A, SO Dec., ¶ 6; Ex. A2). On December 8, 2024, Defendants' joint counsel, Richard Beem, stated that he represents both Defendants who were "committed to fully defending against Zaxcom's frivolous suit," but did not accept service on behalf of Freedman. (Ex. B, RCC Dec., ¶ 5; Ex. B2).

On December 30, 2023, Service on Freedman was initiated via the Hague Convention, with the documents showing as delivered to the Australian Central Authority on January 3, 2024. (Ex. A, SO Dec., ¶ 7; Ex. A3).

Pursuant to this Court's January 2, 2024 Order (D.I.10), the parties conferenced on January 22, 2024, during which Mr. Beem maintained that Freedman had not been served, refused to accept service on its behalf, and failed to provide a reason therefore. (Ex. B, RCC Dec., ¶ 7). Defendants' counsel maintained this position in the Status Report submitted to this Court on January 29, 2024 (D.I.12).

On February 6, 2024, and February 20, 2024, Plaintiff's counsel attempted to ascertain the status of Service through the Hague Convention by contacting the Australian Central Authority via email (Ex. A, SO Dec., ¶ 8; Ex. A4) and telephone, with no response. The phone line's recorded message communicated that the telephone number was "no longer in service." (Ex. A, SO Dec., ¶ 9).

In preparation for the February 27, 2024 Rule 7.1.1 conference ("Conference") held to attempt to resolve Freedman's service without the need for this motion and the co-pending Motion for an Order Acknowledging Service Pursuant to Rule 4(f)(2)(A), or, In the Alternative, an Order Authorizing Service on Defendant Freedman Electronics Pty Ltd Pursuant to Rule 4(f)(3), Plaintiff's counsel sent Defendants' counsel a summary of the two intended motions. During the Conference, Defendants' counsel requested again that Plaintiff's counsel explain the nature of Plaintiff's motions, and Plaintiff's again explained the intended motions. Defendants' counsel insisted throughout the Conference that Rode would oppose the motion but also stated they had no case law to support their opposition. In a follow-up letter to Plaintiff's counsel, Defendants' counsel stated that no facts had been provided to support our assertions made during the Conference, to which Plaintiff's counsel was forced to refer Defendants' counsel to the exhibits filed with the Complaint on October 31, 2023. Opposing counsel continues to refuse to acknowledge receipt of, or accept service on behalf of, Freedman and takes the position that service via registered mail to Freedman's Australian registered office would not constitute valid service. (Ex. B, RCC Dec., ¶ 9).

In an abundance of caution, and to keep these proceedings moving expeditiously, on February 29, 2024, Plaintiff, through Australian law firm Eden King Lawyers, facilitated Service again under the Australian Corporations Act 2001 by sending copies of the Complaint and

Summons by registered post to Freedman's registered office and its principal place of business in Australia (Ex. B, RCC Dec., ¶ 13; Ex. B9).

Rode is Freedman's alter ego, or alternatively, its agent. The "About RØDE" page of Defendants' website, rode.com, describes the relationship between Freedman/Rode stating: "RØDE is a uniquely Australian-owned and operated company . . . RØDE products are designed and manufactured at our headquarters in Sydney, Australia . . . RØDE is part of The Freedman Group . . . Freedman Electronics had become the home to four powerhouse pro audio brands: APHEX, Event Electronics, SoundField and, of course, RØDE . . . Freedman Electronics – with RØDE as its flagship brand – had earned its place as a global leader in audio technology." (Ex. B, RCC Dec., ¶ 6(b); Ex. B3). Similarly, the rode.com Privacy Policy states, "[w]e're RØDE Microphones (Freedman Pty Ltd T/A RØDE FREEDMAN PTY LTD)." (D.I.1-4 at Section 1), and the rode.com Terms of Use also indicates that Rode and Freedman are interchangeable, i.e., "RØDE is a registered trademark of RØDE Microphones/Freedman." (D.I.1-8 at Section 6). Furthermore, Freedman owns U.S. Trademark Registration Number 3973968 for "RØDE" (the "RØDE Registration"), which was registered by Rode in 2010 and assigned to Freedman in 2013, with the believed owner of both Freedman and Rode (i.e., Peter Freedman) signing on behalf of both entities. (Ex. B, RCC Dec., ¶ 8; D.I.1-9). Moreover, upon information and belief, Freedman and Rode share directorates and officers, including Damien Wilson, who is the Chief Executive Officer of both Freedman and Rode. (Ex. B, RCC Dec., ¶ 10; Exs. B4, B5, and B6).

## I.   ARGUMENT

### A.   FREEDMAN HAS FAILED TO TIMELY ANSWER THE COMPLAINT AND HAS THEREFORE DEFAULTED

#### 1.   Freedman Was Validly Served Through Service Upon Rode.

When a foreign corporation is a resident of a signatory of the Hague Convention, this does not require service on the foreign corporation exclusively through the Hague Convention. Rather,

"[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends, and the [Hague] Convention has no further implications." *Lisson v. ING Groep N.V.,* 262 F. App'x 567, 570 (5th Cir. 2007*)* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988)).

Service on a domestic agent may satisfy the Due Process Clause "even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent of service." *Lisson v. ING Groep N.V.,* at 569-570; *see also Commercial Union Ins. Co. v. Alitalia Airlines S.p.A.*, 347 F.3d 448, 468 (2d Cir. 2003). Service on a subsidiary does not confer jurisdiction over the parent where separate corporate identities are maintained, *e.g., Lasky v. Continental Products Corp.*, 97 F.R.D. 716, 717 (E.D.Pa. 1983), unless the subsidiary is found to be either the alter ego or the agent of the parent. *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, 607 F. Supp. 227, 236-37 (D. Del. 1984).

Rule 4(h)(1) provides that "[u]nless federal law provides otherwise … a … foreign corporation … must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process … ." Rule 4(h)(1). In Delaware, services of process shall be made "[u]pon a … foreign corporation … by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process ...." Del. Super. Ct. R. Civ. P. 4(f)(III).

Here, on December 4, 2023, Defendants were served with the Complaint and Summons in this action through personal service on Rode's Agent, TCTC, with the service documents for Freedman identified as "Freedman c/o Rode Microphones, LLC." (Ex. A, SO Dec., ¶ 5; Ex. A1)

5

in accordance with Rule 4(h)(1). Thereafter, on December 8, 2023, Defendants' attorney, Richard Beam, sent a letter to Plaintiff's counsel acknowledging that his clients were both aware of the Complaint and "after a careful review of the of the allegations in Zaxcom's complaint, we see no merit in the allegations" and "our clients are committed to fully defending against Zaxcom's frivolous suit." (Ex. B, RCC Dec., ¶ 5; Ex. B2). As such, there is no doubt that Freedman was provided with actual knowledge of, and proper notice of, the suit.

a)    **Service is Valid because Rode is the Alter Ego of Freedman.**

Courts have found that Service may be effectuated on a foreign corporation via its U.S. subsidiary if the subsidiary is the alter ego of the parent. *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, at 237. A subsidiary is the alter ego of the parent when it is under the control of the parent to such a degree that the subsidiary has become its mere instrumentality. *Id.* Factors to consider include: "adequacy of capitalization, overlapping directorates and officers, separate record keeping, payment of taxes and filing of consolidated returns, maintenance of separate bank accounts, level of parental financing and control over the subsidiary, and subsidiary authority over day-to-day operations." *British Telcoms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409 (D. Del. 2019) (citing *Upjohn Co. v. Syntro Corp.*, 1990 U.S. Dist. LEXIS 11512, at *4 (D. Del. Mar. 9, 1990); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989); *Akzona Inc. v. E.I. Du Pont De Nemours & Co.*, at 237 (internal quotations omitted).

Ordinarily, common directors and officers and stock control are prerequisites for the application of the "instrumentality rule." *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963). Upon information and belief, Mr. Peter Freedman is the 100% owner of both Freedman and Rode, as Peter inherited Freedman in 1987 and created RØDE. (Ex. B, RCC Dec., ¶ 10(a); Ex. B5). Upon information and belief, Freedman and Rode have common directors

6

and officers as, in 2017, Damien Wilson was named CEO of both Rode and Freedman. (Ex. B, RCC Dec., ¶ 10(b); Ex. B4). Furthermore, upon information and belief, Peter Freedman and Joe Hockey are on the Freedman Board of Directors, which operates as the Board of Directors for Rode. (Ex. B, RCC Dec., ¶ 10(c); Ex. B6). Further, upon information and belief, Rode has no business in the U.S. other than the sale of Freedman's goods as, in a letter dated April 1, 2021, Defendants' counsel stated "Freedman Electronics is the parent company to RØDE, which **assumes custody** of the Wireless Go II in Australia and sells the product in the U.S." (Ex. B, RCC Dec., ¶ 12; Ex. B8) (emphasis added).

Further, Freedman owns the U.S. RØDE Registration as a result of a 2013 assignment (D.I.1-9) and, as such, is required to license, monitor, and control Rode's use of Freedman's trademark in the U.S., else it could lose its trademark. A trademark owner's failure to monitor and exercise quality control over goods associated with the mark jeopardizes the continued validity of its own trademark rights. *Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1659-1660 (2019). Use of a trademark sufficient to maintain trademark rights is subject to a licensor's control of its licensee(s) and their use of the license. *Doeblers' Penn. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 823 (3d Cir. 2006). The "only effective way to protect the public . . .  is to place on the licensor the affirmative duty of policing in a reasonable manner the activities of his licensees." *Doeblers' Penn. Hybrids, Inc. v. Doebler*, at 823 (citing *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 367 (2d Cir. 1959)). Upon information and belief, Rode is a department of Freedman, and its business and financial responsibility is referred to as Freedman's own. For at least the above reasons, Rode is the alter ego of Freedman and therefore Service to Freedman upon Rode is proper.

7

Although Defendant respectfully submits that these factors more than demonstrate Rode's status as the alter ego of Freedman, if this Court requires more, Plaintiff seeks limited discovery as to the information related to these factors that is not accessible publicly and is solely in the control of Defendants.

> **b)**   **If the Court Finds That Rode is Not the Alter Ego of Freedman, Service is Still Proper Because Rode is Freedman's Agent.**

The issue of "[w]hether a subsidiary is the agent of the parent involves a determination that the separate corporate identities of the subsidiary and parent are a fiction and that the subsidiary is, in fact, being operated as a department of the parent." *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, at 237 (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 425-26 (9th Cir. 1977). The subsidiary's parent must "have actual, participatory and total control of the subsidiary." *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil*, 456 F. Supp. 831, 841 (D. Del. 1978). Factors to consider include, but are not limited to, "stock ownership, officers and directors, financing, responsibility for day-to-day operations, arrangements for payment of salaries and expenses, and origin of subsidiary's business and assets." *Id*

Here, in addition to the factors presented above related to the theory of alter ego, many other factors indicate that Rode may be served on behalf of Freedman. In determining whether a corporation is a domestic subsidiary that may be served on behalf of its parent, courts have held that where two companies share substantially the same name, the same counsel at trial and the same Internet site, it strongly suggests a connection. *Lisson v. ING Groep N.V.,* at 570 (citing *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, at 469).

Freedman and Rode share the same name. In Australia, Freedman maintains, and operates under, an alternate business name of "Rode Microphones." (D.I. 1-3). Defendants' also share the same counsel in this litigation. Richard Beem wrote "[w]e represent Freedman Pty Ltd

8

("Freedman") **and** RØDE Microphones, LLC ("RØDE") . . . after careful review of the allegations in Plaintiff's complaint, we see no merit in the allegations. Indeed, **our clients** are committed to fully defending against Plaintiff's frivolous suit." (Ex. B, RCC Dec., ¶ 5; Ex. B2) (emphasis added).

Finally, upon information and belief, Freedman and Rode share the same website, i.e., rode.com. (Ex. B, RCC Dec., ¶ 11; Ex. B7 and D.I.1-4). The Defendants' rode.com privacy policy states, "[w]e're RØDE Microphones (Freedman Electronics Pty Ltd T/A RØDE FREEDMAN ELECTRONICS PTY LTD)." (D.1.1-4 at Section 1). The Defendants' rode.com "About RØDE" page states: "RØDE is a uniquely Australian-owned and operated company . . . RØDE products are designed and manufactured at our headquarters in Sydney, Australia . . . RØDE is part of The Freedman Group. . . Freedman Electronics had become the home to four powerhouse pro audio brands: APHEX, Event Electronics, SoundField and, of course, RØDE . . . Freedman Electronics – with RØDE as its flagship brand …" (Ex. B, RCC Dec., ¶ 6(b); Ex. B3).

Rode is an Australian-owned and operated company whose products are designed and manufactured by Freedman in Sydney, Australia, and whose brand is the flagship brand of Freedman. It is inconceivable that Freedman does not exert actual, participatory, and total control over Rode such that Rode is simply a department and agent of Freedman. Defendants' counsel's statement that Rode and Freedman are committed to fully defending against Plaintiff's suit, clearly indicates that Freedman not only received notice of the suit but also has an intent to jointly defend against this suit. These are the acts of an agency relationship.

Defendant respectfully submits that these factors more than demonstrate Rode's status as the agent of Freedman; however, if this Court requires more, Plaintiff seeks limited discovery as

to the information related to these factors that is not accessible publicly and is solely in the control of Defendants.

**2.      Freedman Failed to Timely Respond to the Complaint.**

A defendant is required to serve an answer within twenty-one days after Service in the absence of waived service under Rule 4(d). Fed. R. Civ. P. 12(a)(1)(A)(i). The Rules require mandatory Entry of Default when a defendant fails to timely answer the Complaint, stating: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a)

Further, "[w]hen a cause of action arises in this State against any corporation incorporated outside of this State, and there is no president or head officer of such corporation or any officer, director or manager thereof resident in this State, nor any certified agent thereof, for the service of process, resident in this State, **process against such corporation may be served upon any agent of such corporation then being in the State**. If such corporation … fails to appear, the plaintiff shall **have judgment by default.**" 10 Del. C. § 3111 (emphasis added).

There is no prohibition against serving the Australian corporation, Freedman, through service upon its U.S. subsidiary, Rode, and service was reasonably calculated to provide notice and opportunity to Freedman to respond. Freedman was validly served with the Complaint and Summons on December 4, 2023, and it has acknowledged receipt of same. Accordingly, Freedman's responsive pleading was due on December 26, 2023, and is now over two months late. Having failed to timely respond to Service, Freedman is in default. Plaintiff therefore moves for Entry of Default by Freedman.

10

### B.      PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AND COSTS

### 1.      Plaintiff is Entitled to an Award of Attorney's Fees and Costs of Service Pursuant to Rule 4(d), 28 USC § 1927, and the Court's Inherent Power.

Rule 4(d) imposes a duty on corporations and associations that are subject to service under Rule 4(e), (f), or (h) to avoid the unnecessary expense of serving the Complaint and Summons and provides for mandatory cost shifting, including reasonable attorneys' fees, against a defendant located within the United States that fails to waive service. Fed. R. Civ. P. 4(d).

Both Rode and Freedman are subject to service under Rule 4(h), and therefore have a duty to avoid unnecessary expense by waiving service and appearing before the Court without further process. Fed. R. Civ. P. 4(d). Rode is "located in the United States" as it is incorporated in Delaware. (D.I. 1-1). Freedman is "located within the United States" through its domestic subsidiary Rode and is, therefore, subject to the mandatory cost shifting provision of Rule 4(d)(2). Rode is Freedman's alter ego or agent, which allows Freedman to trade as "Rode" in the U.S. and do business directly in the U.S. (Ex. B, RCC Dec., ¶ 6; Exs. B3; D.I.1-4 at Section 1; D.I.1-8 at Section 6). Further, Rule 4(d) Notes of Advisory Committee on Rules – 1993 Amendments state "there is no useful purpose achieved by requiring a plaintiff to comply with all the formalities of service in a foreign country … when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States." Notes of Advisory Committee on Rules – 1993 Amendments, Subdivision (d).

Here, it was in violation of the Rules for Rode to refuse to waive service unless "no response under Rule 12 will be due until actual service is made on Freedman Electronics Pty Ltd." (Ex. B, RCC Dec., ¶ 4; Ex. B1). Nor is there a purpose in Freedman continuing to refuse Service when it has acknowledged that it has reviewed the Complaint and has knowledge of the contents thereof. (Ex. B, RCC Dec., ¶ 5; Ex. B2). These actions on behalf of Freedman and Rode have

11

unnecessarily forced Plaintiff to comply with the formalities of service in the U.S. and Australia (i.e., through service on Rode, the Hague Convention, and via registered mail to Freedman's Australian address) despite Freedman's and Rode's full knowledge of the Complaint, and the fact that these parties continue to widely distribute infringing products in the United States.

Under the Rules, when Plaintiff delivered Service to Freedman's counsel by email on November 2, 2023, along with a request for waiver of service, Rode and Freedman were obligated to waive service in order to avoid shifting of fees. Freedman is knowingly refusing to authorize its attorney to accept service. (Ex. B, RCC Dec., ¶ 9). Rule 4(d) requires the waiver of service through cost shifting to prevent the precise type of misconduct perpetrated by Rode and Freedman on Plaintiff. Accordingly, Plaintiff requests the Court find both Rode and Freedman subject to the Rule 4(d)(2) mandatory cost shifting provision and award Plaintiff with reasonable compensation for the fees incurred due to Rode's and Freedman's failure to waive service under Rule 4(d).

Even in the absence of relief under Rule 4(d), Plaintiff is nonetheless entitled to relief under 28 U.S.C. § 1927. *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1186 (2017) ("a court can shift only those attorney's fees incurred because of the misconduct at issue . . . a sanction counts as compensatory . . . if it covers the legal bill that the litigation abuse occasioned"). 28 U.C.S. §1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175,188 (3d Cir. 2002) (citing *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3rd Cir. 1989)).

Here, due to Freedman's counsel's continued refusal to accept service, its denial that Freedman has been properly served, and its insistence that service via registered mail to Freedman's Australian address is invalid, all without any basis in case law, Plaintiff has had to

multiply the proceedings by serving Freedman in three different manners: 1) via service on its U.S. subsidiary Rode; 2) via service through the Hague Convention (in process); and 3) via registered mail to Freedman's registered office in Australia. Further, it has been forced to file this motion and the co-pending motion in order to move these proceedings along, particularly in light of the fact that Freedman and Rode continue to sell an infringing product and discovery with Rode has already begun with its initial discovery responses due on March 7, 2023. This motion and the co-pending motion were further necessitated by the delay and difficulty in dealing with the Australian Central Authority responsible for service under the Hague Convention as outlined above.

Defendants' counsel's repeated refusal to accept service, denials of valid service, and denials of valid methods of service are unreasonable and vexatious. Defendants' counsel has made no attempt to refute our arguments contained herein. They further attended the Rule 7.1.1 Conference and insisted throughout that they would oppose this motion and the co-pending Motion for an Order Acknowledging Service Pursuant to Rule 4(f)(2)(A), or, In the Alternative, an Order Authorizing Service on Defendant Freedman Electronics Pty Ltd Pursuant to Rule 4(f)(3), not accept service, that service on Freedman via Rode was invalid, and that service via registered post to Freedman's Australian address would also be invalid. Defendants' counsel took this position without knowledge of the facts relating to alter ego and agency that were contained in our Complaint, and then argued that we provided no evidence to support our position in response to which we had to refer them back to the Complaint and its exhibits filed on October 31, 2023 (over four months ago). Defendants' counsel also stated they had no case law to support their positions.

Plaintiff conducted two conferences with opposing counsel in good-faith effort to obtain voluntary compliance with the Federal Rules, to no avail. (Ex. B, RCC Decs. ¶ 7 and ¶ 9). Here, the same attorney is filing an Answer on behalf of his U.S. client in a transparent effort to avoid fee shifting applicable to a U.S. defendant—while improperly evading service on behalf of his

13

foreign client undeniably conducting business in the United States through its U.S. subsidiary Rode. Counsel for Freedman refuses to comply with the law, causing months of delay and forcing Plaintiff to incur significant unnecessary legal fees and expenses pursuing multiple duplicative services of process and this Motion for Default, and the co-pending Motion for an Order Acknowledging Service Pursuant to Rule 4(f)(2)(A), or, In the Alternative, an Order Authorizing Service on Defendant Freedman Electronics Pty Ltd Pursuant to Rule 4(f)(3).

Furthermore, the Federal Rules of Civil Procedure and applicable case law clearly demonstrate that service by registered post is a straightforward method of service according to Rule 4(f)(2)(A), which allows a foreign corporation to be served under the laws of its own country so long as such service is allowed by, in this case, the Hague Convention. Freedman's counsel's denial of the adequacy of such service, without any reason therefore, has unnecessarily increased the cost of the proceedings and was done in bad faith or by intentional misconduct. As we conveyed during our 7.1.1 Conference, it is unacceptable for Freedman to dodge service. If Freedman does not believe it is subject to this action, it can make a limited appearance and make its case to this Court. In light of opposing counsel informing us that Freedman is in receipt of the Complaint and Summons, has reviewed the allegations, and counsel's "**clients** are committed to fully defending against Zaxcom's . . . frivolous suit," (Ex. B, RCC Dec., ¶ 5; Ex. B2) (emphasis added), it cannot be said that Freedman's and its opposing counsel's continued refusal to acknowledge service is absent of bad faith or intentional misconduct.

The facts and case law support the various arguments made herein. It is now over four months since counsel for Freedman received a copy of the lawsuit and request for waiver of service, and over three months since Freedman was served through its U.S. subsidiary, Rode. Freedman's counsel's behavior  is unreasonable and vexatious and has unnecessarily multiplied these proceedings. Accordingly, as justice requires under 28 U.S.C § 1927, Plaintiff respectfully

ask the Court to exercise its inherent power as affirmed in *Goodyear* to step in to provide compensatory relief for Freedman's and its counsel's continued evasion of service by exercising its authority to order an award for reasonable expenses, including attorney's fees, required to effectuate Service on Freedman to Plaintiff pursuant to 28 USC § 1927 and the Court's Inherent Power.

## II.   CONCLUSION

WHEREFORE, the Plaintiff moves this Honorable Court for entry of a default and an award of reasonable attorneys' fees and costs incurred in serving Rode and Freedman. If the Court is not so inclined, Plaintiff moves for an order for limited discovery of information regarding the relationship between Freedman and Rode. A proposed Order accompanies this motion.

Dated: March 8, 2024

By: /s/ Sean T. O'Kelly
Sean T. O'Kelly (No. 4349)
**O'KELLY & O'ROURKE, LLC**
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com

*and*

By: /s/ Rita C. Chipperson
Rita C. Chipperson (*pro have vice*)
**CHIPPERSON LAW GROUP, P.C.**
163 Madison Avenue, Suite 220-40
Morristown, New Jersey 07960
973-845-9071
rcc@chippersonlaw.com

Attorneys for Plaintiff Zaxcom, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the electronic filing date of this document, a copy of the foregoing was served automatically via email by the Court's Case Management/Electronic Case Files (CM/ECF) upon all counsel of record including at least:

Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

Richard Beem
LATHROP GPM LLP
155 North Wacker Drive
Suite 3000
Chicago, IL 60606-1787
(312) 920-3303

Alex Shtraym
LATHROP GPM LLP
2101 Cedar Springs Road, Suite 1400
Dallas, TX 75201
(816) 460-5767

*Attorneys for Defendant RODE Microphones, LLC*

DATED: March 8, 2024

By: /s/ Sean T. O'Kelly
Sean T. O'Kelly (No. 4349)
**O'Kelly & O'Rourke, LLC**
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com

Attorneys for Plaintiff Zaxcom, Inc.

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH PAGE LIMIT/WORD COUNT LIMITATIONS</u>

I HEREBY CERTIFY that the forgoing filing complies with the relevant page limitations of the Local Rules of Civil Procedure of the United States District Court for the District of Delaware and the Standing Order Regarding Briefing in All Cases (D.I. 6) because, with the exception of the Table of Contents, Table of Authorities, the Certificate of Service, and this Certificate of Compliance with Page Limit/Word Count Limitations, this brief contains 4,974 words.

Dated: March 8, 2024

By: /s/ Sean T. O'Kelly
    Sean T. O'Kelly (No. 4349)
    **O'KELLY & O'ROURKE, LLC**
    824 N. Market Street, Suite 1001A
    Wilmington, DE 19801
    302-778-4000
    sokelly@okorlaw.com

    *and*

By: /s/ Rita C. Chipperson
    Rita C. Chipperson (*pro have vice*)
    **CHIPPERSON LAW GROUP, P.C.**
    163 Madison Avenue, Suite 220-40
    Morristown, New Jersey 07960
    973-845-9071
    rcc@chippersonlaw.com

    Attorneys for Plaintiff Zaxcom, Inc.