IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ZAXCOM, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.   23-1245 |
| | : | |
| **RODE MICROPHONES, LLC,** *et al.* | : | |

# ORDER

**AND NOW**, this 12th day of April 2024, upon considering plaintiff's motion for default (DI 27) and motion for alternative service (DI 29), and following oral argument and a case management conference held with all counsel yesterday, it is **ORDERED**:

1. Plaintiff's motion for default (DI 27) is **DENIED as moot**.

2. Plaintiff's motion for alternative service (DI 29) is **GRANTED in part**.[1]

---

[1] We agree with Zaxcom that "[a]lternative service by . . . email to Freedman's U.S.-based counsel is appropriate here" under Federal Rule of Civil Procedure 4(f)(3). DI 30 at 8. Rule 4(f)(3) states that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections: it stands independently, on equal footing." *Id.* at 1015. Above all else, the party being served must "receive[] actual notice of the lawsuit in a fair and reasonable manner." *Louis Dreyfus Commodities Suisse, SA v. Fin. Software Sys., Inc.*, 703 F. App'x 79, 83 (3d Cir. 2017) (citing *Rio Int'l Interlink*, 284 F.3d at 1017).
   Here, the parties represent that Freedman — Rode's parent company — operates in Australia, and "Australia is a party to the Hague Convention." *Intelligent SCM, LLC v. Qannu PTY LTD*, 2014 WL 12966804, at *2 (C.D. Cal. Dec. 30, 2014). Thus, the Hague Convention must not proscribe service on Freedman's U.S.-based counsel for service to be proper under Rule 4(f)(3). "[T]he Hague Convention neither addresses nor prohibits service via e-mail and [we] are unaware of any international agreement that prohibits service of process on a[n] [Australian] corporation via e-mail to its U.S. counsel." *Ocimum Biosolutions (India) Ltd. v. LG Chem. Ltd.*, 2021 WL 2403134, at *2 (D. Del. June 11, 2021). Service by email in this case clearly comports with due process — counsel for Rode plainly stated in a letter to counsel for Zaxcom that he represented *both* Rode and Freedman in regard to the operative complaint. *See* DI 30 Ex. B2 (counsel for Rode's December 8, 2023 letter stating that he "represent[s] Freedman Electronics Pty Ltd . . . *and* Rode Microphones, LLC" (emphasis added)); *see also Ocimum Biosolutions*,

3.  We authorize alternative service on Freedman Electronics Pty Ltd. pursuant to Fed. R. Civ. P. 4(f)(3) in the form of an e-mail to all counsel of record in this case for Rode Microphones, LLC.

4.  We will hold an **INITIAL PRETRIAL VIDEOCONFERENCE** via Microsoft Teams on **May 24, 2024** at **10:00am.** We will send a videoconference link by e-mail to all counsel of record.

5.  If they have not already, all counsel must review Judge Murphy's policies and procedures, available on his page on the Eastern District of Pennsylvania Court's website.[2]

6.  The parties shall engage in early, ongoing, and meaningful discovery planning proportional to the needs of your case to allow plaintiff to timely file a Rule 26 report.

7.  If they have not already, the parties must hold an initial Rule 26(f) conference no

---

2021 WL 2403134, at *2 (noting that service on U.S-based counsel was proper under Rule 4(f)(3) where counsel represented both parties and initially objected to service by citing the Hague Convention); *MG Freesites Ltd. v. ScorpCast LLC*, 651 F. Supp. 3d 744, 764 (D. Del. 2023) (authorizing service "as a precautionary measure" against foreign defendants and "order[ing] that [plaintiff] provide service upon the defendants' counsel under Rule 4(f)(3)"). Moreover, counsel for Rode confirmed at our oral argument yesterday that he represents Freedman and Rode *in this dispute*.

We note that Zaxcom has made several attempts to serve Freedman by varyingly more traditional means, which is entirely appropriate and to be encouraged, but at this point the only real stakes here are whether Freedman's counsel ought to be able to inject further delay into this case. We think not. Freedman's counsel indicated that a motion to dismiss for lack of personal jurisdiction might be the next step. We trust counsel would not file such a motion before becoming entirely familiar with the Federal Circuit's decisions applying Rule 4(k)(2) to foreign defendants.

We permit alternative service on U.S.-based counsel for Freedman under Rule 4(f)(3). Zaxcom's request for fees and costs is denied.

[2] There is not yet a version of our policies and procedures specifically for Delaware cases. If any policies or procedures are irreconcilable with the Local Rules of the District of Delaware and present planning problems for your case, please advise us in your Rule 26 report so that the issues can be resolved at the conference.

later than **May 3, 2024**.

8. If they have not already, the parties shall exchange the required initial disclosures under Fed. R. Civ. P. 26(a) on or before **May 10, 2024**.

9. If the parties have not begun discovery, then the discovery period begins on **May 10, 2024** and the parties shall exchange written discovery requests promptly thereafter.

10. If they have not already, all parties must comply with Rule 7.1 within 2 days of this order. Parties must supplement as needed. *See* Fed. R. Civ. P. 7.1(b).

11. After consulting with all parties, Plaintiff's counsel shall complete and file the required Rule 26(f) report incorporating, at a minimum, the contents of Judge Murphy's draft report attached to this order, as well as a separate comprehensive proposed scheduling order, before **May 17, 2024**.[3] Plaintiff's counsel shall also e-mail a Word version of the proposed scheduling order to chambers.

12. Lead trial counsel is required to appear at the conference.

13. Lead trial counsel shall have addressed settlement with all parties and be prepared to discuss status of settlement efforts.

                                                                                                                                                                    **MURPHY, J.**

---

[3] Rather than the standard schedule in our draft report, the parties shall develop and recommend a schedule that is appropriate for patent cases and generally consistent with the model patent scheduling orders of the Delaware District Judges. The proposed schedule may include not only dates for various events, but also substantive requirements for disclosures, claim construction briefing, and so forth. Any disagreements should be highlighted and explained for resolution at the conference. To resolve disputes, we will look to typical practices in Delaware while addressing the needs of the individual case.