IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAXCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  23-1245-JFM |
| | ) | |
| RODE MICROPHONES, LLC AND | ) | |
| FREEDMAN ELECTRONICS PTY LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SCHEDULING ORDER

This _____day of _____, 20 _, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.     Relevant Deadlines and Dates. All relevant deadlines and dates established by

this Order are set forth in the chart attached as Exhibit A.

2.     Rule 26(a)(1) Initial Disclosures. The parties have made their disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) and Judge Murphy's Court Order (DI 44).

3.     Joinder of Other Parties and Amendment of Pleadings.

**Zaxcom, Inc.'s ("Zaxcom") Position**: All motions to join other parties, and to amend or

supplement the pleadings, shall be filed on or before November 2, 2024.

**Freedman and RØDE's (the "RØDE Parties") Position**: All motions to join other parties,

and to amend or supplement the pleadings, shall be filed on or before August 2, 2024.

1

4.      <u>Discovery</u>.

a.      Fact Discovery began on January 30, 2024, for Rode and Zaxcom and May 10, 2024, for Freedman.

b.      <u>Discovery Cut Off</u>.

**<u>Zaxcom's Position</u>**: All discovery in this case shall be initiated so that it will be completed on or before June 21, 2025.

**<u>The RØDE Parties' Position</u>**: All fact discovery in this case shall be initiated so that it will be completed on or before March 21, 2025.

c.      <u>Document Production</u>.

**<u>Zaxcom's Position</u>**: Document production shall be substantially complete by December 13, 2024.

**<u>The RØDE Parties' Position</u>**: Document production shall be substantially complete by September 13, 2024.

d.      <u>Requests for Admission</u>.

A maximum of 60 requests for admission are permitted for each side.

e.      <u>Interrogatories</u>.

A maximum of fifty (50) interrogatories, including contention interrogatories, are permitted for each side.

f.      <u>Depositions</u>.

i.      <u>Limitation on Hours for Deposition Discovery</u>.

**<u>Zaxcom's Position</u>**: Each side is limited to a total of ninety (90) hours of taking fact witness testimony by deposition upon oral examination, exclusive of experts' testimony.

In the case of depositions requiring an interpreter, every two hours shall count as one. In addition, each expert that submits a report subject to Fed. R. Civ. P. 26(a)(2) shall be subject to a single deposition of up to seven (7) hours per report.

**The RØDE Parties' Position**: Each side is limited to 10 fact witness depositions, not inclusive of expert witness depositions. Per Rule 30(a), "each [deposition] is limited to one day of 7 hours." The RØDE parties agree that each expert that submits a report subject to Fed. R. Civ. P. 26(a)(2) shall be subject to a single deposition of up to seven (7) hours per report.

   ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   g. <u>Disclosures and Contentions</u>.

**Zaxcom's Position**

   <u>Incorporation of the Initial Discovery Timetable Set Forth in the Delaware Default Standard for Discovery</u>. Plaintiff proposes to incorporate the timetable for initial patent disclosures set forth in Paragraph 4 of the Delaware Default Standard for Discovery. [1] This is the practice followed by Judges Noreika, Hall, and Williams in the District of Delaware and referred to by Judge Andrews in his form scheduling order.  Under this proposal, the disclosure of

---

[1] As these disclosures are "initial," each party shall be permitted to supplement.

3

asserted claims will be made almost four months before the statutory deadline for the RØDE

Parties to file any *inter partes* review against the asserted patents.  Defendant RØDE was served

with the Complaint in this matter in early December, 2023.  *See* 35 U.S.C. § 315(b).  Defendant

Freedman Electronics Pty, Ltd.,'s refusal to accept service by means other than the Hague

Convention delayed the start of discovery with respect to Freedman in this case.   Paragraph 4 of

the Delaware Default Standard for Discovery provides the following terms:

i.      Within 30 days after the Rule 16 Conference and for each

Defendant, Plaintiff shall specifically identify the accused products[2] and the asserted patent(s)

they allegedly infringe and produce the file history for each asserted patent.

ii.     Within 30 days after receipt of the above, each Defendant shall

produce to Plaintiff the core technical documents related to the accused product(s), including but

not limited to operation manuals, product literature, schematics, and specifications.

iii.    Within 30 days after receipt of the above, Plaintiff shall produce to

each Defendant an initial claim chart relating each accused product to the asserted claims each

product allegedly infringes.

iv.     Within 30 days after receipt of the above, each defendant shall

produce to the plaintiff its invalidity contentions of each asserted claim, as well as the related

invalidating references (e.g., publications, manuals, and patents).

v.      Absent a showing of good cause, follow-up discovery shall be

limited to a term of six (6) years before the filing of the complaint, except that discovery related

to asserted prior art or the conception and reduction to practice of the invitations claimed in any

---

[2] For ease of reference, the word "product" encompasses accused methods and systems as well.

patent-in-suit shall not be so limited.

Zaxcom submits that the RØDE parties' purported concerns regarding case management are unfounded given that the vast majority of patent cases filed in the District of Delaware employ the default standard.  With regard to the claim construction proceeding, there is no standard practice set forth in the Scheduling Orders of Judges Hall, Noreika, Williams and Andrews regarding the number of terms and term sets that the Court will construe during claim construction.  See https://www.ded.uscourts.gov/judges-info.  The orders cited by the the RØDE parties were typically entered after the Court reviewed the parties joint claim construction chart and/or joint claim construction briefing.  Zaxcom respectfully requests that the Court address any limitations on the number of terms and term sets that the Court will construe during claim construction at the Rule 16 hearing.

**<u>The RØDE Parties' Position</u>**

The RØDE parties believe that the schedule proposed by Zaxcom fails to address many essential deadlines that are needed to help narrow the claims before the Court and will inevitably create unnecessary disputes, wasting the Court's resources and those of the parties. The RØDE parties have therefore proposed an alternative scheduling order based on Chief Judge Connolly's patent-specific form order, which the RØDE parties believe is more suitable for the case. For example, the Chief Judge's order provides detailed events regarding the contention disclosure period. Without this clarity, the parties would be left with little to no guidance as to how this case should proceed, particularly with respect to claim narrowing before the *Markman* hearing. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Amazon.com, Inc. et al*, C.A. 22-1447-CJB, D.I. 32 (D. Del. Mar. 9, 2023 (Burke, J.) (oral order). The RØDE parties also submit that the parties should follow the District of Delaware's standard practice of limiting to no more than 10

5

terms/phrases at the *Markman* stage. *See, e.g.*, *Commvault Systems, Inc. v. Rubrik, Inc.*, C.A. 20-524-MN-CJB, D.I. 86 (D. Del. Jun. 29, 2021) (Burke, J.) (oral order); *MG Freesites Ltd v. Scorpcast, LLC d/b/a Haulstars*, C.A. 20-1012-CFC (consolidated), D.I. 120 (D. Del. Feb. 18, 2022) (Connolly, J.); *Cleveland Medical Devices Inc. v. ResMed Inc.*, C.A. 22-794-GBW, D.I. 99 (D. Del. Jun. 23, 2023) (Williams, J.); *Applied Biokinetics LLC v. KT Health, LLC*, C.A. No. 22-638-RGA-JLH (D. Del. Jun. 2, 2023) (Andrews, J.) (oral order); *Complete Genomics, Inc. v. Illumina, Inc.*, C.A. 19-970-MN, D.I. 78 (D. Del. Aug. 21, 2020) (Noreika, J.) (oral order).

Further, the RØDE parties understand that courts in this District recognize the need for two specific narrowing events to reduce the number of claims asserted. Zaxcom has resisted this notion, and it has refused to identify which of its 200+ patent claims are asserted, thereby preventing the RØDE parties from moving forward timely, if needed, with actions such as IPR petitions or motions to invalidate the claims.

The RØDE parties therefore propose to incorporate the provisions of Chief Judge Connolly's form scheduling order. *See https://www.ded.uscourts.gov/judge/chief-judge-colm-f-connolly.*

1. Disclosures of Asserted Claims and Infringement Contentions. Plaintiff has already identified the accused products and the asserted patents. By June 7, 2024, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information:

    i.    Each claim of each asserted patent that is allegedly infringed by Defendants, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

ii.      Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Defendants. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

iii.      A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(t), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

iv.      For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

v.      Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

vi.      For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

vii.      If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process,

7

method, act, or other instrumentality that incorporates or reflects that particular claim

("Embodying Instrumentality");

viii.    The timing of the point of first infringement, the start of claimed

damages, and the end of claimed damages; and

ix.    If a party claiming patent infringement alleges willful

infringement, the basis for such allegation.

2. Document Production Accompanying Disclosure of Asserted Claims and

Infringement Contentions. With the Disclosure of Asserted Claims and Infringement

Contentions, the party claiming patent infringement shall produce to each opposing party or

make available for inspection and copying:

i.    All documents evidencing the conception, reduction to practice,

design, and development of each claimed invention, which were created on or before the date of

application for the asserted patents or the priority date identified pursuant to paragraph 1(vi) of

this section, whichever is earlier;

ii.    A copy of the file history for each asserted patent;

iii.    All documents evidencing ownership of the patent rights by the

party asserting patent infringement;

iv.    If a party identifies instrumentalities pursuant to paragraph 1(vii) of

this section, documents sufficient to show the operation of any aspects or elements of such

instrumentalities the patent claimant relies upon as embodying any asserted claims;

v.    All agreements, including licenses, transferring an interest in any

asserted patent;

vi.    All agreements that the party asserting infringement contends are

8

comparable to a license that would result from a hypothetical reasonable royalty negotiation;

      vii.   All agreements that otherwise may be used to support the party asserting infringement's damages case;

      viii.  If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such Embodying Instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such Embodying Instrumentalities; and

      ix.   All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

Plaintiff shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

     3. Invalidity Contentions. By July 19, 2024, and no later than 45 days from the Plaintiff's disclosure of asserted claims and infringement contentions, Defendants shall serve on Plaintiff its "Invalidity Contentions," which shall contain the following information:

      i.    The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or

9

entity(ies) that made the information known or to whom it was made known. For pre-AIA

claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the

person(s) from whom and the circumstances under which the invention or any part of it was

derived. For pre-AJA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing

the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the

making of the invention before the patent applicant(s);

        ii.  Whether each item of prior art anticipates each asserted claim or

renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the

asserted claim obvious, including an identification of any combinations of prior art showing

obviousness;

        iii.  A chart identifying specifically where and how in each alleged item

of prior art each limitation of each asserted claim is found, including, for each limitation that

such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or

material(s) in each item of prior art that performs the claimed function; and

        iv.  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness

under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35

U.S.C. § 112(a) of any of the asserted claims.

        4. Document Production Accompanying Invalidity Contentions. With the

Invalidity Contentions, Defendants shall produce or make available for inspection and copying:

        i.  Subject to entry of a protective order, core technical documents to

show the operation of any aspects or elements of an Accused Instrumentality identified by the

Plaintiff in its chart produced pursuant to paragraph 1(vii) of this section;

        ii.  If requested by Plaintiff, a copy of the prior art identified pursuant

to paragraph 3(i) that does not appear in the file history of the patent(s) at issue. To the extent

any such item is not in English, an English translation of the portion(s) relied upon shall be

produced;

                     iii.   All agreements that the party opposing infringement contends are

comparable to a license that would result from a hypothetical reasonable royalty negotiation;

                     iv.   Documents sufficient to show the sales, revenue, cost, and profits

for Accused Instrumentalities identified pursuant to paragraph 1(ii) of this section for any period

of alleged infringement; and

                     v.   All agreements that may be used to support the damages case of the

party opposing infringement.

        <u>5. Amendment to Contentions.</u> Amendment of the Infringement Contentions or

the Invalidity Contentions may be made only by order of the Court upon a timely showing of

good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the

non-moving party, support a finding of good cause include (a) recent discovery of material prior

art despite earlier diligent search and (b) recent discovery of nonpublic information about the

Accused Instrumentality that was not discovered, despite diligent efforts, before the service of

the Infringement Contentions. The duty to supplement discovery responses does not excuse the

need to obtain leave of the Court to amend contentions.

        h.        <u>Discovery Matters and Disputes Relating to Protective Orders.</u>  Should

counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

order, discovery disputes and disputes relating to protective orders will be resolved by motion

practice, consistent with Delaware Rule 7.1.1, 7.1.2, and Judge Murphy's policies and

procedures. The court may order a shortened response time and immediate videoconference

hearing.

<u>i. Miscellaneous Discovery Matters.</u>

i.    The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether it expects to institute any further litigation in this or other Districts within the next year. Defendant should advise whether it expects to file one or more IPRs and, if so, when.

**Zaxcom's Position:** The asserted U.S. Patent No. 7,929,902 ("the '902 patent"), U.S. Patent No. 8,385,814 ("the '814 patent"), and U.S. Patent No. 9,336,307 ("the '307 patent")(collectively the "Previously Litigated Patents") were the subject of the completed litigation in Case No. 2:17-cv-02840-KSH-CLW in the United States District Court for the District of New Jersey, Case No. 1:2017-cv-03408 in the United States District Court for the Eastern District of New York, and Case No. 1:19-cv-0109-RB-KBM in the United States District Court for the District of New Mexico. The Previously Litigated Patents were also involved in the completed Inter Partes Review Nos. IPR2018-00972, IPR2018-01129, and IRP2018-01130. The substitution of the claims of the IPRs was appealed to the Federal Circuit, which affirmed the substitution.   Zaxcom is considering filing an International Trade Commission complaint under Section 337 of the Tariff Act of 1930. Under the Delaware Default Standard for discovery that Zaxcom proposes to use in this case, Zaxcom will disclose the asserted claims to the RØDE parties almost four months prior to the statutory deadline to file IPRs found in 35 U.S.C. § 315(b).

**The RØDE Parties' Position**:  The RØDE parties are considering filing IPR petitions within the statutory timeframe but, to do so, need to know which patent claims are alleged to be

infringed. To date, Zaxcom has refused to identify which of the 200+ claims of the six

asserted patents they allege to be infringed by the RØDE parties. The RØDE parties do not

agree that Zaxcom's proposed schedule will provide sufficient notice regarding the claims

that are asserted before the statutory deadline.

        ii.     The parties, if they think it necessary, should set times in the

schedule for reducing the number of asserted claims and asserted prior art used for

anticipation and obviousness combinations.  The usual points where the Court will consider

such limits are before claim construction and after a ruling on claim construction.

**Zaxcom's Position:** The parties should meet to reduce the number of asserted claims after a

claim construction order issues in this matter.  Zaxcom respectfully requests guidance from

the Court on how many claims/patents it allows a plaintiff to assert at trial.

**The RØDE Parties' Position**: The parties must engage in at least two narrowing events to

reduce the number of claims asserted. The first narrowing event must occur within fourteen

(14) days of Defendants' service of invalidity contentions (i.e., by August 2, 2024), the

parties shall meet to reduce the number of asserted claims to no more than 20 claims. The

second narrowing event must occur within fourteen (14) days of exchanging a list of claim

terms that need construction (i.e., August 30, 2024), the parties shall meet to reduce the

number of asserted claims to no more than 10 claims.

        iii.    If one or more of the patents-in-suit have already been licensed

or are the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses

and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b)

scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures,

Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the

initial Rule 16(b) scheduling conference.  Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement.  All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

**Zaxcom's Position:** Zaxcom will be submitting a proposed Court Order to allow it to disclose a license to the RØDE parties. In terms of the damages Zaxcom is seeking in this litigation, Zaxcom's investigation into damages is ongoing. Notwithstanding, Zaxcom is seeking damages in an amount no less than a reasonable royalty pursuant to 35 U.S.C. 284. Zaxcom will also seek the other damages listed in is Complaint including, without limitation, pre-judgment interest, post-judgment interest, attorneys' fees, and treble damages for alleged willful infringement.

**The RØDE Parties' Position:** The RØDE parties will seek to recover costs and fees based on Zaxcom's frivolous, unreasonable, and groundless allegations.

5.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(h) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

14

pursuant to this order shall promptly notify that party of the motion
so that the party may have an opportunity to appear and be heard
on whether that information should be disclosed.

6.     <u>Papers Filed Under Seal</u>.  When filing papers under seal, a redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed

document.

7.     <u>Claim Construction Issue Identification</u>.  On or before August 17, 2024

(**Defendants' Position**) or November 16, 2024 (**Plaintiff's Position**), the parties shall exchange

a list of those claim term(s)/phrase(s) that they believe need construction and their proposed

claim construction of those term(s)/phrase(s) [3].  This document will not be filed with the Court.

Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim

Construction Chart to be filed no later than September 6, 2024 (**Defendants' Position**) or

December 6, 2024 (**Plaintiff's Position**).  The Joint Claim Construction Chart, in Word format,

shall be e-mailed simultaneously with filing to murphy_chambers@paed.uscourts.gov.  The Joint

Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in

issue, and should include each party's proposed construction of the disputed claim language with

citation(s) only to the intrinsic evidence in support of their respective proposed constructions.

The Joint Claim Construction Chart should include an explanation of why resolution of the

dispute makes a difference.  A copy of the patent(s) in issue as well as those portions of the

intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart.  In this

---

[3] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party
must explain what that meaning is.  If a term is arguably a means-plus-function term, and a party
does not propose a function and a structure, it is waiving any right to propose a function and a
structure at a later time.

joint submission, the parties shall not provide argument.

      8.    Claim Construction Briefing[4].

**Zaxcom's Position:**

      Zaxcom proposes that it shall serve, but not file, its opening brief, not to exceed 7,500 words, on January 15, 2025. Defendant shall serve, but not file, its answering brief, not to exceed 10,000 words, on February 12, 2025.  Plaintiff shall serve, but not file, its reply brief, not to exceed 6,000 words, on March 5, 2025.  Defendant shall serve, but not file its sur-reply brief, not to exceed 3,000 words, on March 26, 2025.  No later than April 16, 2025, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. The parties need not include any general summaries of the law relating to claim construction.

      Zaxcom further proposes that the parties prepare and file a joint claim construction brief with the following contents:

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

A.     [TERM 1][5]

---

[4] Each brief shall include a certification of word count.  Pictures, Figures copied from the patent, and other illustrations do not count against the word limit.  Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Defendant want to add additional representative claims, Defendant may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

[5] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not

1.     Plaintiff's Opening Position
2.     Defendant's Answering Position
3.     Plaintiff's Reply Position
4.     Defendant's Sur-Reply Position

B.     [TERM 2]
    1.     Plaintiff's Opening Position
    2.     Defendant's Answering Position
    3.     Plaintiff's Reply Position
    4.     Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

**The RØDE Parties' Position:**

The RØDE parties propose that Zaxcom shall file its opening brief, not to exceed 7,000 words, on September 27, 2024. The RØDE parties shall file their answering brief, not to exceed 10,000 words, on October 29, 2024. Plaintiff shall file its reply brief, not to exceed 5,000 words, on November 12, 2024. The RØDE parties shall file their sur-reply brief, not to exceed 3,000 words, on November 26, 2024.  The parties need not include any general summaries of the law relating to claim construction. Defendants do not believe that a separate joint claim construction brief will be productive in this case.

    9.     <u>Hearing on Claim Construction</u>.

**Zaxcom's Position**: Beginning at ___ a.m. on May 14, 2025, the Court will hear argument on claim construction.

---

count against the word limits.

17

**The RØDE Parties' Position**: Beginning at _____ a.m. on December 17, 2024, in Courtroom 3B in the Philadelphia courthouse (601 Market Street), the Court will hear argument on claim construction.

Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

      10.     <u>Reliance On Opinion of Counsel</u>

Within 60 days of the Court issuing its claim construction opinion in this matter, Defendants must inform Plaintiff if they intend to rely on an opinion of counsel as a defense to Plaintiff's willfulness claim. If Defendants elect to rely on an opinion of counsel, the opinion and all documents subject to production as a result of the waiver of privilege must be produced. The parties are to work cooperatively to schedule any necessary depositions thereafter.

      11.     <u>Disclosure of Expert Testimony</u>.

          a.     <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 25, 2025 (**Defendants' Position**) or September 10, 2025 (**Plaintiff's Position**). The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 23, 2025 (**Defendants' Position**) or October 8, 2025 (**Plaintiff's Position**). Reply expert reports from the party with the initial burden of proof are

due on or before June 13, 2025 (**Defendants' Position**) or October 29, 2025 (**Plaintiff's Position**).  No other expert reports will be permitted without either the consent of all parties or leave of the Court.

If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report.  The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before July 2, 2025 (**Defendants' Position**) or November 26, 2025 (**Plaintiff's Position**).

b.      Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12.      Case Dispositive Motions.  All case dispositive motions shall be served and filed on or before August 1, 2025 (**Defendants' Position**) or January 28, 2026 (**Plaintiff's Position**). No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty- page answering brief, and one twenty-

page reply brief for all of its Daubert and case dispositive motions (including motions for partial summary judgment).

13.   <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.   <u>Pretrial Conference</u>.  The date for a Rule 16(e) final pretrial conference shall be set at a future date.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.   <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20

16.      <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.    Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to murphy_chambers@paed.uscourts.gov.

17.      <u>Trial</u>.  This matter shall be scheduled for trial at a future date. Trial days shall begin at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18.      <u>Discovery Referral</u>.

**Zaxcom's Position:** Zaxcom requests that discovery issues in this matter not be referred to a Magistrate Judge.

**The RØDE Parties' Position:** Discovery issues may be referred to a Magistrate Judge.

19.      <u>Mediation (for use in non-ANDA patent cases)</u>.

**Zaxcom's Position:** Zaxcom is willing to engage in mediation before a Magistrate Judge in the District of Delaware and/or the Eastern District of Pennsylvania.  If the Court wishes the parties to mediate privately, Zaxcom proposes the following procedure.  The Parties are required to engage in good faith in an in-person mediation.  They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference.  The Parties are required to submit a

joint statement no later than one week before the pretrial conference.  The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith.  If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise.  The joint statement should not disclose the substance of any offers, counteroffers, or other negotiations.

**The RØDE Parties' Position:** Due to the large number of claims in the asserted patents and the RØDE parties' invalidity defenses, the RØDE parties do not believe that mediation would be productive at this time.

20.    *Pro Hac Vice* Motions. The parties shall follow Delaware Local Rule 83.5.

21.    Extensions of Time. The parties shall follow Delaware Local Rule 16.4. For all requests not implicated by Delaware Local Rule 16.4, the parties may file requests for extensions of time at any time prior to the deadline.

22.    Statement Required to be Filed with Non-dispositive Motions. The parties shall follow Delaware Local Rule 7.1.1, which requires that parties certify that a reasonable effort has been made to reach agreement prior to filing any non-dispositive motion.

_____

UNITED STATES DISTRICT JUDGE

JOHN F. MURPHY

Exhibit A: Chart of All Relevant Deadlines

| Event | Plaintiff's Proposed Deadlines | Defendants' Proposed Deadline |
|---|---|---|
| Parties to file Rule 26(f) report and comprehensive proposed case schedule | May 17, 2024 | May 17, 2024 |
| Case Management Conference | May 24, 2024, at 10 am EST | May 24, 2024, 10:00 a.m. EST |
| Joinder of Parties and Amendment of Pleadings | November 2, 2024 | August 2, 2024 |
| Fact Discovery Begins | January 30, 2024, for Rode and Zaxcom and May 10, 2024, for Freedman | January 30, 2024, for Rode and Zaxcom and May 10, 2024, for Freedman |
| Fact Discovery Cut-off | June 21, 2025 | March 21, 2025 |
| Identification of Accused Products and Asserted Patents | June 17, 2024 (Delaware Default Standard) | Addressed below via Judge Connolly's Model Order |
| Production of Core Technical Documents | July 17, 2024 (Delaware Default Standard) | Addressed below via Judge Connolly's Model Order |
| Production of Initial Claim Chart Relating to Each Accused Product | August 16, 2024 (Delaware Default Standard) | Addressed below via Judge Connolly's Model Order |
| Production of Invalidity Contentions | September 16, 2024 (Delaware Default Standard) | Addressed below via Judge Connolly's Model Order |
| Serve Infringement Contentions | Addressed above via Delaware Default Standard | June 7, 2024 (Judge Connolly Model Order) |

23

| Event | Plaintiff's Proposed Deadlines | Defendants' Proposed Deadline |
|---|---|---|
| Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions | Addressed above via Delaware Default Standard | June 7, 2024 (Judge Connolly Model Order) |
| Serve Invalidity Contentions | Addressed above via Delaware Default Standard | July 19, 2024 |
| Document Production Accompanying Disclosure of Invalidity Contentions | Addressed above via Delaware Default Standard | July 19, 2024 (Judge Connolly Model Order) |
| First Narrowing of Asserted Claims | Narrowing will take place after the Court issues its Claim Construction Order | Aug. 2, 2024 |
| Exchange of Proposed Terms for Claim Construction | November 16, 2024 | Aug. 16, 2024 |
| Second Narrowing Of Asserted Claims | Narrowing will take place after the Court issues its Claim Construction Order. | August 30, 2024 |
| Narrowing of Asserted Claims | At a time specified by the Court after the Court's Claim Construction Order issues in this matter. | See above for Defendants' position |
| Filing of Joint Claim Construction Chart | December 6, 2024 | Sept. 6, 2024 |
| Substantial Completion of Document Production | December 13, 2024 | Sept. 13, 2024 |

| Event | Plaintiff's Proposed Deadlines | Defendants' Proposed Deadline |
|---|---|---|
| Zaxcom's Op'g Claim Construction Br. | January 15, 2025 | Sept. 27, 2024 |
| Defendants' Resp. Claim Construction Br. | February 15, 2025 | Oct. 29, 2024 |
| Zaxcom's Reply Claim Construction Br. | March 5, 2025 | Nov. 12, 2024 |
| Defendants' Sur-Reply Claim Construction Br. | March 26, 2025 | Nov. 26, 2024 |
| Joint Claim Construction Brief | April 16, 2025 | Not applicable |
| Markman Hearing | May 14, 2025 (subject to the Court's availability) | Dec. 17, 2024 (subject to Court's availability) |
| Close of Fact Discovery | June 21, 2025 | Mar. 21, 2025 |
| Disclosure of Reliance on Opinion of Counsel and Associated Document Production | 60 days after the Court issues its Claim Construction Order. | 60 days after the Court issues its Claim Construction Order. |
| Opening Expert Reports (by the Party with the Burden of Proof) | September 10, 2025 | Apr. 25, 2025 |
| Responsive Expert Reports | October 8, 2025 | May 23, 2025 |
| Reply Expert Reports | October 29, 2025 | June 13, 2025 |

| Event | Plaintiff's Proposed Deadlines | Defendants' Proposed Deadline |
|---|---|---|
| Close of Expert Discovery | November 26, 2025 | July 2, 2025 |
| SJ/Daubert Motions (with opening briefs) | January 28, 2026 | August 1, 2025 |
| SJ/Daubert Opposition Briefs | February 18, 2026 | August 22, 2025 |
| SJ/Daubert Reply Briefs | March 4, 2026 | September 5, 2025 |
| Final Pretrial Conference | TBD | TBD |
| Trial | TBD | TBD |