IN THE UNITED STATES DISTRICT COURT
OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
ZAXCOM, INC., :
:
                Plaintiff, :
:   C.A. No. 23-1245
                v. :
:
:
RODE MICROPHONES, LLC. and :   **JURY TRIAL DEMANDED**
FREEDMAN ELECTRONICS PTY LTD., :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# JOINT RULE 26(F) REPORT

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I.**     **Counsel**

    A.     Lead counsel for Plaintiff Zaxcom, Inc. ("Zaxcom"): <u>Sean O'Kelly, Gerard M. O'Rourke and Rita Chipperson.</u>

    B.     Lead counsel for Defendants Freedman Electronics PTY LTD ("Freedman") and RØDE Microphones, LLC ("RØDE") (collectively the "RØDE parties"): <u>Richard Beem</u>

    C.     All counsel who participated in Rule 26(f) conference on behalf of Zaxcom: <u>Sean T. O'Kelly, Gerard M. O'Rourke, and Rita Chipperson</u>

    D.     All counsel who participated in Rule 26(f) conference on behalf of the RØDE parties:

1

    Richard Beem

    Alex Shtraym

    Emily DiBenedetto

II. **Description of claims and defenses**

The parties have set forth their respective positions below.

**Zaxcom's Position**

Plaintiff Zaxcom, Inc. ("Zaxcom"), is a leading designer and manufacturer of professional audio equipment. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 U.S.C. §§271, *et seq*. Zaxcom brings this action: to halt the Defendants' infringement of U.S. Patent Nos. (i) 7,711,443, which issued May 4, 2010 (the "'443 Patent"), (ii) 7,929,902, which issued April 19, 2011 (the "'902 Patent"), (iii) 8,385,814, which issued February 26, 2013 (the "'814 Patent"), (iv) 9,336,307, which issued May 10, 2016 (the "'307 Patent"), (v) 10,276,207, which issued April 30, 2019 (the "'207 Patent"), and (vi) 11,610,605, which issued on March 21, 2023 (the "'605 Patent") (collectively referred to herein as the "Zaxcom Patents" or "Patents-in-Suit"). Claim charts for the aforementioned patents are attached to the pleadings already. (D.I. 1-26-31).

According to RØDE, Freedman transfers title of the infringing goods to RØDE in Australia. However, it seems apparent that both Freedman and RØDE actively sell the Accused Products in the U.S. via a network of distributors and through the rode.com Website, and are both directly infringing the Patents-in-Suit pursuant to 35 U.S.C. §271(a). Further, upon information and belief, RØDE is merely the alter ego or agent of Freedman, and therefore Freedman is responsible for direct patent infringement under 35 U.S.C. §271(a). Further, Freedman is also liable for inducing infringement of the Patents-in-Suit pursuant to 35 U.S.C. §271(b) by inducing RØDE and customers to infringe the Patents-In-Suit. Once the infringing goods enter the U.S.

market, upon information and belief, RØDE and Freedman infringe upon the Patents-in-Suit through their import, use, sale, and offers for sale, as well as their role in inducing consumers to infringe, thereby violating 35 U.S.C. §271. Furthermore, upon information and belief, Freedman exerts extensive control over RØDE's U.S.-based business endeavors and therefore directly infringes the Patents-in-Suit under the theory that RØDE is the alter-ego/agent of Freedman.

Furthermore, Zaxcom is entitled to damages in an amount no less than a reasonable royalty under 35 U.S.C.§ 284.  Zaxcom is also entitled to treble damages under 35 U.S.C. §284, as Freedman and RØDE have willfully infringed the Patents-in-Suit.  In particular, Freedman and RØDE had knowledge of the Patents-in-Suit and continued their endeavors to manufacture, market, and sell accused infringing products notwithstanding their awareness of the patents-in-suit.  Zaxcom seeks a permanent injunction against the RØDE parties' continued infringement of the patents-in-suit under 35 U.S.C. § 283.  In addition, Zaxcom seeks an award of attorney's fees under 35 U.S.C. § 285.  The RØDE parties deny that the patents are infringed and assert that the patents are invalid under one or more provisions of Title 35 including §§ 101, 102, 103 and 112.

Zaxcom believes that it is inappropriate for the RØDE parties to include a detailed discussion of their claim construction positions, non-infringement arguments and invalidity theories in their section of this report.  These arguments should be disregarded.  Zaxcom disagrees with the RØDE parties' positions and will address claim construction, infringement and validity at the time and in the manner prescribed by the Court.

Zaxcom disagrees with the RØDE parties' assertions that the patents-in-suit are allegedly invalid based on the result of prior *inter partes* reviews and the prior art cited therein and/or other invalidity theories and prior art asserted by the RØDE parties in this litigation.  The RØDE parties

bear the burden of proving invalidity on a claim-by-claim basis by clear and convincing evidence pursuant to 35 U.S.C. § 282.

### The RØDE Parties' Position

The RØDE parties present this description of their claims and defenses, as required by Rule 26(f), and take issue with Zaxcom's attempt to argue that the court should "disregard" the RØDE parties' description or that such a description is somehow inappropriate. While Zaxcom may disagree with the RØDE parties' position, it does not have a right to try and limit Defendants' claims and defenses, namely, non-infringement, invalidity, and high-level discussions of patent claim terms integral to those claims and defenses.

As detailed in prior correspondences to counsel for Zaxcom, there are stark differences between the claims of the patents-in-suit and the design and functionality of the accused products. As such, the RØDE parties deny that the accused products directly infringes, indirectly infringes, contributes to the infringement, or induces the infringement of any asserted claim of the patents-in-suit, either literally or under the doctrine of equivalents, and does not otherwise infringe under 35 U.S.C. § 271. The RØDE parties further allege that each of the claims of the patents-in-suit is invalid for failure to comply with one or more of the conditions of patentability. The claims are abstract and lack utility under 35 U.S.C. § 101. The alleged novelty of the patents-in-suit is narrow and was known or obvious in light of prior art such that the asserted claims are invalid under 35 U.S.C. §§ 102 and 103. The claims of the patents-in-suit are further invalid under 35 U.S.C. § 112 because they claim subject matter that is indefinite, not enabled, and/or not supported by a sufficient written description.

More specifically, Zaxcom's complaint alleges infringement of unspecified claims of six patents, which claims can be grouped into two categories: (1) claims that mirror those found invalid

by the Patent Trial and Appeal Board (PTAB) and the Federal Circuit and (2) claims that expressly require replacing remotely recorded audio data with locally recorded data ("audio dropout").

As to the first category, in a prior litigation against Lectrosonics, Inc., Zaxcom asserted infringement of patent claims that are similar if not identical to those it now asserts against the RØDE parties. Every claim Zaxcom asserted in the prior litigation was determined to be invalid by the PTAB. *See Lectrosonics, Inc. v. Zaxcom, Inc.,* No. IPR2018-00972, 2019 WL 5849856 (P.T.A.B. Nov. 7, 2019); *Lectrosonics, Inc. v. Zaxcom, Inc.*, No. IPR2018-01129, 2020 WL 407145 (P.T.A.B. Jan. 24, 2020); *Lectrosonics, Inc. v. Zaxcom, Inc.*, No. IPR2018-01130, 2020 WL 407146 (P.T.A.B. Jan. 24, 2020). Zaxcom appealed the PTAB's decision, but the Federal Circuit affirmed the PTAB's decision. *See Zaxcom, Inc. v. Lectrosonics, Inc*., No. 2020-1921, 2022 WL 499848 (Fed. Cir. Feb. 18, 2022); *Zaxcom, Inc. v. Lectrosonics, Inc.,* No. 2020-1350, 2022 WL 499843 (Fed. Cir. Feb. 18, 2022). A simple side-by-side comparison of the claims previously found invalid to those now asserted establishes that Zaxcom's allegations are baseless, if not frivolous. Counsel for the RØDE parties has requested that Zaxcom drop any claims that are invalid on their face based on the PTAB and Federal Circuit's decisions. Zaxcom has refused.

As to the second category, the audio dropout limitation should be understood as differentiating from the operation of the RØDE WIGO II and WIPRO, which are only configured to transmit a live stream of local audio to a receiver that can output the live stream to another device. Support for the audio dropout limitation is found in the specification of the patents-in-suit: "local audio devices also wirelessly transmit the received audio to a master recorder (e.g., a multi-track recorder that combines all received audio into one or more audio files)," and the system is configured "to automatically correct for any audio data lost during an original recording due to

5

wireless transmission problems such as dropout, interference, etc." Neither of the accused products include this capability.

Moreover, Zaxcom's claim charts rely on operations performed by a computer program. That assertion is wrong for at least four reasons. First, the asserted claims are not directed to such a device. Second, the accused products do not include a personal computer or any other remote recorder. Third, the accused products do not remotely record audio data wirelessly transmitted from a transmitter. Fourth, even if audio data was recorded remotely, the accused products do not replace remotely recorded audio data with audio stored on the transmitter. Instead, as with conventional microphone systems, a user of the accused products can transfer, via a physical cable, audio stored on the transmitter to a third-party device. This aspect is known in the prior art and is not within the scope of any valid reading of the patent-in-suit.

Given the lack of infringement of any claim of the patents-in-suit and/or the invalidity of the same, the RØDE parties contend that Zaxcom is not entitled to any financial compensation or injunctive relief, and the Complaint should be dismissed with prejudice. Given the baseless nature of Zaxcom's allegations of infringement, the RØDE parties are also entitled to the reimbursement of its costs, expenses, and attorneys' fees under 35 U.S.C. § 285.

III.   **Stipulated facts and insurance coverage and deductibles**

    A.   Stipulated Facts

       i) The parties do not agree on any stipulated facts at this time.

    B.   Insurance Coverage

       i) Zaxcom does not believe it has any policy that would satisfy all or part of a possible judgment against Zaxcom.

    ii) The RØDE parties do not have any policy that would satisfy all or part of a possible judgment against the RØDE parties.

**IV.**   **Anticipated scope of discovery**

    A.     Categories of information

The parties will need to conduct discovery on the following topics[1]:

- Ownership of the patents-in-suit by Zaxcom. This is relevant to Zaxcom's claim of infringement.

- The design, operation, development, manufacture, marketing, import, and sale of the accused infringing products to establish whether the accused infringing products use the patent-protected technology disclosed by the Patents-in-Suit. This is relevant to Zaxcom's claim of infringement.

- The relationship between Freedman and RØDE, more specifically, the extent of which Freedman exerts control over RØDE in relation to the development, manufacture, marketing, import, and sale of the accused infringing products. This is to allocate alleged patent infringement liability on either party, as well as to determine whether Freedman has induced RØDE to infringe on the Patents-in-Suit. This is relevant to Zaxcom's claim of infringement.

- The extent of sales of the accused infringing products, as well as RØDE's and Freedman's knowledge of the Patents-in-Suit to ascertain damages. To ascertain whether there was willful infringement, discovery as to whether

---

[1] The parties have worked cooperatively to list these topics. Neither party concedes that all the items listed are necessarily relevant to the asserted claim or defense and each party reserves the right to object to specific discovery requests directed to this subject matter.

7

RØDE and/or Freedman took actions to try to avoid infringement of Zaxcom's patents is also required. Such discovery includes an inquiry as to whether or not the defendants received an opinion of counsel regarding the Zaxcom patents and whether the accused infringing products infringed the claims of the patents. This is relevant to Zaxcom's claim of infringement.

- The asserted claims of the patents in suit to identify which of the 200+ claims of the six asserted patents alleged to be infringed by RØDE and Freedman. This information is relevant to the RØDE parties' defenses and the RØDE parties contend that it is necessary because the time for filing one or more IPR proceedings is running.

- The conception and reduction to practice of the alleged inventions of the asserted patents-in-suit, the associated file histories, and the prosecution of the applications resulting in the patents-in-suit, as well as all related applications. This information is relevant to the RØDE parties' defenses, including invalidity, estoppel, and unclean hands.

- The marking and sales of the alleged inventions of the patents-in-suit and/or products purportedly embodying or employing the alleged inventions of the patents-in-suit. This information is relevant to the RØDE parties' defenses, including limitations on damages and failure to mark.

- The advertising, marketing, sale, research, design, development, and promotion of Zaxcom's products. This information is relevant to the RØDE parties' defenses, including invalidity, unclean hands, and limitations on damages.

- The licensing of the alleged invention of the patents-in-suit and/or products purportedly embodying or employing the alleged inventions of the patents-in-suit. This information is relevant to the RØDE parties' defenses, including limitations on damages.

- Prior art of the patents-in-suit and objective indicia or other secondary considerations Zaxcom intends to rely on. This information is relevant to the RØDE parties' invalidity defenses.

- Limitations of the asserted claims of the patents-in-suit that have been construed by Zaxcom or a court, commission, board, or tribunal and the corresponding claim construction. This information is relevant to the RØDE parties' defenses, including invalidity, no disclaimer of invalid claims, intervening rights, and limitations on damages.

- Zaxcom's prior enforcement of the patents-in-suit or related patents against other parties, including any materials filed and/or produced as part of any prior legal disputes involving Zaxcom and/or Mr. Glenn Sanders. This information is relevant to the RØDE parties' defenses, including invalidity, intervening rights, no disclaimer of invalid claims, lack of knowledge, and limitations on damages.

B. Anticipated number of interrogatories per side:

    Plaintiff      50

    Defendant    50

C. Anticipated number of depositions per party:

9

**Zaxcom's Position**

       Plaintiff    <u>90 hours of fact depositions, each expert may be deposed on the report(s) the expert issues.</u>

       Defendant   <u>90 hours of fact depositions, each expert may be deposed on the report(s) the expert issues</u>

**The RØDE Parties' Position**

       Plaintiff      <u>10 depositions</u>

       Defendants   <u>7 depositions</u>

D.    The parties are discussing how to handle depositions in this matter including the depositions of witnesses for Defendant Freedman that are located in Australia.

E.    The RØDE parties do not propose to exceed the presumptive limits in the Federal Rules for depositions. Zaxcom has proposed an hours limitation instead of the 10 depositions of 7 hours each set forth in the Federal Rules. Plaintiffs counsel typically includes hours limitations in patent scheduling orders and have found that these limitations provide more flexibility than the numerical limits set forth in the Federal Rules.

F.    The parties have included a Fed. R. Evid. 502(d) order in the protective order.

G.    The parties anticipate the need for third-party discovery, including the following:

  i) Parties involved in the design, manufacturing, and sale of the accused products including those with knowledge of Zaxcom's patents; parties who are involved in running Freedman and RØDE including the Board of Directors.

      ii) Persons involved in the preparation and prosecution of the patents-in-suit, including the conception and reduction to practice of the alleged invention in the patents-in-suit.

      iii) Persons that have knowledge of the claims or defenses asserted in this lawsuit or a related proceeding involving one or more of the patents-in-suit.

    H.    The parties anticipate the need for the following experts:

      i) Damages expert to opine on the extent of damages.

      ii) Subject matter expert to opine on the technology, infringement, invalidity including alleged invalidity over the prior art.

    I.    Plaintiff expects to request attorneys' fees as a prevailing party under the provisions of 35 U.S.C. §285 on the basis of alleged willful infringement.

    J.    Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

      Plaintiff  _Yes_____

      Defendant  _Yes_____

**V.**    **Status of discovery**

    A.    **Zaxcom Position**: Zaxcom has made and will continue to make substantial document production. Zaxcom has proposed that Zaxcom will produce the documents with the designation they will have under the protective order so as to avoid Zaxcom having to reproduce and re-designate its production. However, until the protective order is entered, Zaxcom has requested that all production be treated as highly confidential- attorney eyes only. The RØDE parties have agreed to this proposal and, as a result, Zaxcom has begun its production in this case.

B. **The RØDE Parties' Position:** RØDE responded to Zaxcom's discovery requests and produced 11,639 pages of documents. Freedman was served with discovery requests on May 3, 2024; its responses are not yet due. Zaxcom was served with discovery requests on February 26, 2024. On May 16, 2024, Zaxcom served a document production that consisted of 9 documents totaling 298 pages.

VI. **Proposed case management deadlines**

A. Rule 26(a)(1) initial disclosures were exchanged: All parties have exchanged initial disclosures.

B. Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays): **Zaxcom position**: November 2, 2024; **the RØDE Parties' Position**: August 2, 2024

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): **Zaxcom position**: September 10, 2025; **the RØDE Parties' Position**: April 25, 2025

D. Deadline for rebuttal expert reports (if any): **Zaxcom position**: October 8, 2025; with a reply report due October 29, 2025. **the RØDE Parties' Position**: May 23, 2025 with a reply report due June 13, 2025.

E. Deadline(s) to complete fact/expert discovery: **Zaxcom position**: June 21, 2025; **the RØDE Parties' Position**: March 21, 2025.

F. Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery. Both parties agree that expert discovery will follow fact discovery.

G. If any party seeks more than 120 days for discovery, explain why. Both parties seek more than 120 days in fact discovery due to the complexity of the case which involves assertion of six (6) U.S. patents.

H. Deadline to file motion for summary judgment: **Zaxcom position**: January 28, 2026; **the RØDE Parties' Position**: August 1, 2025.

VII. **Electronic discovery**

A. <u>Need for Electronically Stored Information ("ESI")</u>. Both parties agree there is a need for ESI. Although the parties differ on the use of the Delaware Default Standard for disclosure of infringement and invalidity contentions and related document production, the parties are in agreement to follow the Delaware Default Standard for ESI for ESI discovery. The parties are in the process of trying to work out potential incompatibility issues with the platforms they use. Zaxcom uses Logikcull. The RØDE parties use Relativity.

B. <u>Sources of ESI</u>. Zaxcom, RØDE, and Freedman are expected sources of ESI. Specific sources of ESI are addressed in the Delaware Default Standard.

C. <u>Anticipated Scope of E-Discovery</u>. All discovery is anticipated to be conducted electronically.

D. <u>Identity of Potential Custodians</u>. The Delaware Default Standard provides for identification of custodians.

E. <u>Search Terms and Any Limitations Thereto</u>. The Delaware Default Standard governs disclosure of search terms.

F. <u>Respective Burdens of Collecting, Reviewing, and Producing ESI, Including Claims for Cost-Shifting under the Federal Rules of Civil Procedure.</u> The parties will bear their respective costs for collecting, reviewing and producing ESI.

G. <u>Any Anticipated Problems With E-Discovery</u>. The parties have not, as yet, identified any issue with e-discovery other than the potential incompatibility of the Logikcull and Relativity platforms used by the parties.

      H.      <u>ESI Stipulation</u>. There is presently no need for an ESI stipulation. The parties intend to follow the Delaware Default Standard for Discovery insofar as it relates to e-discovery.

**VIII.**      **Protective orders and confidentiality agreements**

      A.      The parties agree that there is a need for a protective order to protect confidential financial and technical information in discovery. The parties have agreed in substance to a protective order. The parties have met and conferred, pursuant to Local Rule 7.1.1, and the sole remaining dispute is whether to include a patent prosecution bar and, if so, the scope of any such bar. The RØDE parties expect to file a motion with the Court before the Rule 16 conference.

**IX.**      **Alternative dispute resolution**

      A.      <u>Settlement Discussion</u>. The parties have not engaged in settlement discussions. Plaintiff has broached the topic with Defendants, but Defendants have indicated that settlement productions would not be productive at this time.

      B.      <u>Other Forms of Alternative Dispute Resolution</u>. Zaxcom is willing to engage in mediation before a Magistrate Judge in the District of Delaware and/or the Eastern District of Pennsylvania. If the Court wishes the parties to mediate privately, Zaxcom proposes the following procedure. The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the

    mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counteroffers, or other negotiations.

    Due to the large number of claims in the asserted patents and the RØDE defendants' invalidity defenses, the RØDE parties do not expect that alternative dispute resolution would be productive at this time.

  C. <u>Individuals Who Have Authority to Discuss Settlement</u>. On behalf of Zaxcom, Glenn Sanders and Zaxcom's counsel have authority to discuss settlement. Lead counsel Richard Beem will have authority to discuss settlement on behalf of Freedman and RØDE at the Rule 16 conference.

X. **Consent to send case to a Magistrate Judge**

  A. The parties have not agreed to consent to jurisdiction by the magistrate judge under 28 U.S.C. 636(c).

XI. **Service by electronic means**

  A. The parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).

XII. **Policies and procedures**

  A. By signing below, counsel for each party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein. The parties and their counsel further acknowledge by signing below that

Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

Respectfully submitted,

Dated: May 17, 2024

By: */s/ Gerard M. O'Rourke*
Gerard M. O'Rourke (No. 3265)
Sean T. O'Kelly (No. 4349)
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com

*and*

By: */s/ Rita C. Chipperson*
Rita C. Chipperson (Pro Hac Vice)
CHIPPERSON LAW GROUP, P.C.
163 Madison Avenue, Suite 220-40
Morristown, New Jersey 07960
973-845-9071
rcc@chippersonlaw.com

*Attorneys for Plaintiff
Zaxcom, Inc.*

By: */s/ Nathan R. Hoeschen*
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER, LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

By:   */s/ Alex Shtraym*
Alex Shtraym
LATHROP GPM LLP
2101 Cedar Springs Road, Suite 1400
Dallas, TX 75201

16

        (816) 460-5767

By: */s/ Richard Beem*
Richard Beem
LATHROP GPM LLP
155 North Wacker Drive
Suite 3000
Chicago, IL 60606-1787
(312) 920-3303

By:  */s/ Richard Landon*
Richard Landon
Lee Bennin
LATHROP GPM LLP
80 South 8th Street
3100 IDS Center
Minneapolis, MN 55402
(612) 632-3000

*Attorneys for the RØDE Parties*