IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ZAXCOM, INC.,                                    )
                                                 )
          Plaintiff,                            )
                                                 )
     v.                                         )   C.A. No.  23-1245-JFM
                                                 )
RODE MICROPHONES, LLC AND                        )
FREEDMAN ELECTRONICS PTY LTD.,                   )
                                                 )
          Defendants.                           )
                                                 )

## SCHEDULING ORDER

This 4th day of June, 2024, the Court having conducted an initial Rule 16(b) scheduling

conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion

that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

IT IS ORDERED that:

1.      Relevant Deadlines and Dates. All relevant deadlines and dates established by

this Order are set forth in the chart attached as Exhibit A.

2.      Rule 26(a)(1) Initial Disclosures. The parties have made their disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) and Judge Murphy's Court Order (DI 44).

3.      Joinder of Other Parties and Amendment of Pleadings.

All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or

before November 2, 2024.

4.      Discovery.

      a.      Fact Discovery began on January 30, 2024, for Rode and Zaxcom and

May 10, 2024, for Freedman.

1

    b.  <u>Discovery Cut Off</u>.

All discovery in this case shall be initiated so that it will be completed on or before June 21, 2025.

    c.  <u>Document Production</u>.

Document production shall be substantially complete by December 13, 2024.

    d.  <u>Requests for Admission</u>.

A maximum of 60 requests for admission are permitted for each side.

    e.  <u>Interrogatories</u>.

A maximum of fifty (50) interrogatories, including contention interrogatories, are permitted for each side.

    f.  <u>Depositions</u>.

     i.  <u>Limitation on Hours for Deposition Discovery</u>.

Absent agreement or leave of court, each side is limited to a total of seventy (70) hours of taking fact witness testimony by deposition upon oral examination, exclusive of experts' testimony.  In the case of depositions requiring an interpreter, every two hours shall count as one. In addition, each expert that submits a report subject to Fed. R. Civ. P. 26(a)(2) shall be subject to a single deposition of up to seven (7) hours per report.

     ii.  <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having

filed an action in this Court for the purpose of this provision.

g.      Disclosures and Contentions.

Incorporation of the Initial Discovery Timetable Set Forth in the Delaware Default Standard for Discovery. We incorporate the timetable for initial patent disclosures set forth in Paragraph 4 of the Delaware Default Standard for Discovery. [1] Paragraph 4 of the Delaware Default Standard for Discovery provides the following terms:

i.      Within 30 days after the Rule 16 Conference and for each Defendant, Plaintiff shall specifically identify the accused products[2] and the asserted patent(s) they allegedly infringe and produce the file history for each asserted patent.

ii.      Within 30 days after receipt of the above, each Defendant shall produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

iii.      Within 30 days after receipt of the above, Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

iv.      Within 30 days after receipt of the above, each defendant shall produce to the plaintiff its invalidity contentions of each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

v.      Absent a showing of good cause, follow-up discovery shall be limited to a term of six (6) years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the invitations claimed in any

---

[1] As these disclosures are "initial," each party shall be permitted to supplement.
[2] For ease of reference, the word "product" encompasses accused methods and systems as well.

patent-in-suit shall not be so limited.

     h.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should

counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

order, discovery disputes and disputes relating to protective orders will be resolved by motion

practice, consistent with Delaware Rule 7.1.1, 7.1.2, and Judge Murphy's policies and

procedures. The court may order a shortened response time and immediate videoconference

hearing.

     <u>i. Miscellaneous Discovery Matters.</u>

       i.  The parties should set forth a statement identifying any other

pending or completed litigation including IPRs involving one or more of the asserted patents.

Plaintiff should advise whether it expects to institute any further litigation in this or other

Districts within the next year. Defendant should advise whether it expects to file one or more

IPRs and, if so, when.[3]

       ii.  The parties, if they think it necessary, should set times in the

---

[3] It does not affect this scheduling order but for the sake of memorializing the parties' positions on this point:
**Zaxcom's Position:** The asserted U.S. Patent No. 7,929,902 ("the '902 patent"), U.S. Patent No. 8,385,814
("the '814 patent"), and U.S. Patent No. 9,336,307 ("the '307 patent")(collectively the "Previously Litigated
Patents") were the subject of the completed litigation in Case No. 2:17-cv-02840-KSH-CLW in the United
States District Court for the District of New Jersey, Case No. 1:2017-cv-03408 in the United States District
Court for the Eastern District of New York, and Case No. 1:19-cv-0109-RB-KBM in the United States District
Court for the District of New Mexico. The Previously Litigated Patents were also involved in the completed
Inter Partes Review Nos. IPR2018-00972, IPR2018-01129, and IRP2018-01130. The substitution of the claims
of the IPRs was appealed to the Federal Circuit, which affirmed the substitution.  Zaxcom is considering filing
an International Trade Commission complaint under Section 337 of the Tariff Act of 1930. Under the Delaware
Default Standard for discovery that Zaxcom proposes to use in this case, Zaxcom will disclose the asserted
claims to the RØDE parties almost four months prior to the statutory deadline to file IPRs found in 35 U.S.C. §
315(b).
**The RØDE Parties' Position**:  The RØDE parties are considering filing IPR petitions within the statutory
timeframe but, to do so, need to know which patent claims are alleged to be infringed. To date, Zaxcom has
refused to identify which of the 200+ claims of the six asserted patents they allege to be infringed by the RØDE
parties. The RØDE parties do not agree that Zaxcom's proposed schedule will provide sufficient notice
regarding the claims that are asserted before the statutory deadline.

schedule for reducing the number of asserted claims and asserted prior art used for

anticipation and obviousness combinations.  The usual points where the Court will consider

such limits are before claim construction and after a ruling on claim construction.  There are

obvious limits flowing from page limits, time limits, and the court's resources that will

govern claim construction.  And we reserve judgment on a maximum number of asserted

claims for trial.  If at any time it becomes apparent that intervention is necessary, we may act

to narrow the case on our own accord.

       5.      Application to Court for Protective Order.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten days from the date of this

Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 4(h) above.

      Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

       6.      Papers Filed Under Seal.  When filing papers under seal, a redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed

document.

7.     <u>Claim Construction Issue Identification</u>. On or before November 16, 2024, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[4]. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 6, 2024. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to murphy_chambers@paed.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8.     Claim Construction Briefing[5].

Zaxcom shall serve, but not file, its opening brief, not to exceed 7,500 words, on January

---

[4] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

[5] Each brief shall include a certification of word count. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

15, 2025. Defendant shall serve, but not file, its answering brief, not to exceed 10,000 words, on

February 12, 2025.  Plaintiff shall serve, but not file, its reply brief, not to exceed 6,000 words, on

March 5, 2025.  Defendant shall serve, but not file its sur-reply brief, not to exceed 3,000 words, on

March 26, 2025.  No later than April 16, 2025, the parties shall file a Joint Claim Construction

Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on

each claim term in sequential order, in substantially the form below. The parties need not include

any general summaries of the law relating to claim construction.

The parties shall prepare and file a joint claim construction brief with the following

contents:

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

A.      [TERM 1][6]

1.      Plaintiff's Opening Position
2.      Defendant's Answering Position
3.      Plaintiff's Reply Position
4.      Defendant's Sur-Reply Position

B.      [TERM 2]
      1.      Plaintiff's Opening Position
      2.      Defendant's Answering Position
      3.      Plaintiff's Reply Position
      4.      Defendant's Sur-Reply Position

---

[6] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

Etc.  The parties need not include any general summaries of the law relating to claim

construction.  If there are any materials that would be submitted in an appendix, the parties shall

submit them in a Joint Appendix.

       9.      Hearing on Claim Construction.

      Beginning at **10 a.m. on May 14, 2025**, in Courtroom 3B in the Philadelphia courthouse

(601 Market Street), the Court will hear argument on claim construction.   Absent prior

approval of the Court (which, if it is sought, must be done so by joint letter submission no later

than the date on which answering claim construction briefs are due), the parties shall not

present testimony at the argument, and the argument shall not exceed a total of three hours.

When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion

requesting the above- scheduled claim construction hearing, state that the briefing is complete,

and state how much total time the parties are requesting that the Court should allow for the

argument.

       10.    Reliance On Opinion of Counsel

      Within 60 days of the Court issuing its claim construction opinion in this matter,

Defendants must inform Plaintiff if they intend to rely on an opinion of counsel as a defense to

Plaintiff's willfulness claim.  If Defendants elect to rely on an opinion of counsel, the opinion

and all documents subject to production as a result of the waiver of privilege must be produced.

The parties are to work cooperatively to schedule any necessary depositions thereafter.

       11.    Disclosure of Expert Testimony.

         a.     Expert Reports.  For the party who has the initial burden of proof on the

subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before

September 10, 2025.  The supplemental disclosure to contradict or rebut evidence on the same

matter identified by another party is due on or before October 8, 2025.  Reply expert reports

from the party with the initial burden of proof are due on or before October 29, 2025.  No other

expert reports will be permitted without either the consent of all parties or leave of the Court.

If any party believes that an expert report does not comply with the rules relating

to timely disclosure or exceeds the scope of what is permitted in that expert report, the

complaining party must notify the offending party within one week of the submission of the

expert report.  The parties are expected to promptly try to resolve any such disputes, and, when

they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the

complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the

dates and times of their experts' availability for deposition.  Depositions of experts shall be

completed on or before November 26, 2025.

b.      Objections to Expert Testimony.  To the extent any objection to expert

testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise

ordered by the Court.

12.     Case Dispositive Motions.  All case dispositive motions shall be served and filed

on or before January 28, 2026.  No case dispositive motion under Rule 56 may be filed more

than ten days before the above date without leave of the Court.  Absent an order of the Court

upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-

page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive

motions (including motions for partial summary judgment).

13.     Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.     Pretrial Conference.  The date for a Rule 16(e) final pretrial conference shall be set at a future date.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.     Motions *in Limine*.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be

10

tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict

forms no later than 6 p.m. on the fourth business day before the date of the final pretrial

conference.    Areas of dispute shall be identified as narrowly as possible and in a manner that

makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing

each of the foregoing four documents in Word format to murphy_chambers@paed.uscourts.gov.

      17.    <u>Trial</u>.  This matter shall be scheduled for trial at a future date. Trial days shall

begin at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be

excused each day at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number

of hours in which to present their respective cases.

      18.    <u>Discovery Referral</u>.

Discovery issues in this matter will, except in very unusual circumstances, be addressed by

the district judge.

      19.    <u>Mediation (for use in non-ANDA patent cases)</u>.

The Parties are required to engage in good faith in an in-person mediation.  They are to hire a

jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the

Parties, but the mediation efforts need to be conducted in advance of the pretrial conference.  The

Parties are required to submit a joint statement no later than one week before the pretrial

conference.  The joint statement is to include the identification of the mediator, the lead counsel

for each party at the mediation, the length of the mediation, and the certification of the lead

mediation counsel that they have engaged in the efforts in good faith.  If the Parties anticipate any

further efforts by the mediator at the time of the submission, they should so advise.  The joint

statement should not disclose the substance of any offers, counteroffers, or other negotiations.

20.   *Pro Hac Vice* Motions. The parties shall follow Delaware Local Rule 83.5.

21.   <u>Extensions of Time</u>. The parties shall follow Delaware Local Rule 16.4. For all requests not implicated by Delaware Local Rule 16.4, the parties may file requests for extensions of time at any time prior to the deadline.

22.   <u>Statement Required to be Filed with Non-dispositive Motions</u>. The parties shall follow Delaware Local Rule 7.1.1, which requires that parties certify that a reasonable effort has been made to reach agreement prior to filing any non-dispositive motion.


UNITED STATES DISTRICT JUDGE

JOHN F. MURPHY

12

Exhibit A: Chart of All Relevant Deadlines

| Event | Deadlines |
|---|---|
| Joinder of Parties and Amendment of Pleadings | November 2, 2024 |
| Fact Discovery Begins | January 30, 2024, for Rode and Zaxcom and May 10, 2024, for Freedman |
| Fact Discovery Cut-off | June 21, 2025 |
| Identification of Accused Products and Asserted Patents | June 17, 2024 (Delaware Default Standard) |
| Production of Core Technical Documents | July 17, 2024 (Delaware Default Standard) |
| Production of Initial Claim Chart Relating to Each Accused Product | August 16, 2024 (Delaware Default Standard) |
| Production of Invalidity Contentions | September 16, 2024 (Delaware Default Standard) |
| Exchange of Proposed Terms for Claim Construction | November 16, 2024 |
| Filing of Joint Claim Construction Chart | December 6, 2024 |
| Substantial Completion of Document Production | December 13, 2024 |
| Zaxcom's Op'g Claim Construction Br. | January 15, 2025 |
| Defendants' Resp. Claim Construction Br. | February 15, 2025 |
| Zaxcom's Reply Claim Construction Br. | March 5, 2025 |
| Defendants' Sur-Reply Claim Construction Br. | March 26, 2025 |
| Joint Claim Construction Brief | April 16, 2025 |
| Markman Hearing | May 14, 2025, 10:00a.m, Courtroom 3B 601 Market Street, Philadelphia |
| Close of Fact Discovery | June 21, 2025 |

| Event | Deadlines |
|---|---|
| Disclosure of Reliance on Opinion of Counsel and Associated Document Production | 60 days after the Court issues its Claim Construction Order. |
| Opening Expert Reports (by the Party with the Burden of Proof) | September 10, 2025 |
| Responsive Expert Reports | October 8, 2025 |
| Reply Expert Reports | October 29, 2025 |
| Close of Expert Discovery | November 26, 2025 |
| SJ/Daubert Motions (with opening briefs) | January 28, 2026 |
| SJ/Daubert Opposition Briefs | February 18, 2026 |
| SJ/Daubert Reply Briefs | March 4, 2026 |
| Final Pretrial Conference | TBD |
| Trial | TBD |