# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
ZAXCOM, INC.,                                       :
                                                    :
                        Plaintiff,                  :
                                                    :        C.A. No. 23-1245-JFM
                v.                                  :
                                                    :
                                                    :
RODE MICROPHONES, LLC. and                          :
FREEDMAN ELECTRONICS PTY LTD.,                       :
                                                    :
                        Defendants.                 :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF ZAXCOM, INC.'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT RODE MICROPHONES, LLC'S FIRST SET OF INTERROGATORIES (NUMBERS 3 & 7).

Pursuant to Fed. R. Civ. P. 26 and 34, Zaxcom, Inc., ("Zaxcom") hereby objects and responds to Defendant Rode Microphones, LLC., ("Defendant") First Set of Interrogatories in the above-captioned proceeding. Each of Zaxcom's answers to the interrogatories is based on information and documents presently available to Plaintiff after reasonable inquiry. Zaxcom reserves the right to amend or supplement these answers in the event further information is discovered. Additionally, Plaintiff's answers are given without prejudice to its rights to introduce at trial any subsequently discovered or unintentionally omitted information. Zaxcom's answers are made for the purpose of this pending action only and reserves the right to object on any ground to the use of any of their objections or answers to these Interrogatories, or its subject matter, for this pending action or in any subsequent proceeding. Zaxcom does not concede the relevance or materiality of any of the information requested.

1

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1. Zaxcom objects to Defendant's "Definitions" and "Instructions" to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civile Procedure and this Court's Local Rules and Orders. Zaxcom will respond to the Interrogatories in accordance with its obligations under the Federal Rules of Civil Procedure and this Court's Local Rules and Orders.

2. Zaxcom objects to Defendant's Instructions as improperly seeking to impose upon Zaxcom an obligation contrary to its obligations under the Federal Rules of Civil Procedure and this Court's Local Rules and Orders. Zaxcom will produce documents and things in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules and Orders, and in the manner and timing that is agreed upon by the Parties.

3. Zaxcom objects to Defendant's Instructions as improperly seeking information outside the time period prescribed by Delaware Default Standard for Discovery.[1] Zaxcom will withhold documents dated prior to October 31, 2017, in accordance with Delaware Default Standard Paragraph 4(e), unless and until other agreement is reached between the Parties.

4. Zaxcom specifically objects to Defendant's definition of "Zaxcom," "You," and "Your" because they include "parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, and wholly-owned or partially-owned entities acting or purporting to act for or on behalf of the foregoing, or who are subject to the direction or control of the

---

[1] *See* Delaware Standard for Discovery Including Discovery of Electronically Stored Information ("ESI") (https://www.ded.uscourts.gov/sites/ded/files/pages/Electronic%20Discovery%20Default%20Standard_0.pdf).

foregoing, including any agents, representatives, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing, and all Persons acting or purporting to act for or on their behalf." These definitions are overly broad, unduly burdensome, and not proportional to the needs of this case, and improperly seeks to impose information in the possession of third parties upon Zaxcom, of which Zaxcom has no control. Zaxcom understands "Zaxcom," "You," or "Your" to mean only Zaxcom Inc., unless and until other agreement is reached between the Parties.

5.  Zaxcom incorporates by reference these objections to Defendant's "Definitions" and "Instructions" throughout its specific objections and answers to the Interrogatories set forth below. The failure to include any of these objections in any specific answer should not be construed as a waiver of any of these objections. Moreover, Zaxcom does not waive its right to amend its answers.

## <u>GENERAL OBJECTIONS</u>

1.  Zaxcom incorporates each of the following general objections into its Answers to each and every Interrogatory ("Interrogatories"), regardless of whether the objection is also stated specifically in Zaxcom's Answers.

2.  Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and this Court's Local Rules and Orders, to the extent that any Interrogatory seeks discovery that is not proportional to needs of the case.

3.  Zaxcom objects to each instruction, definition, and Interrogatory contained herein as unduly burdensome to the extent that it seeks documents or information that are readily or more

3

accessible to Defendant from their own files, from documents or information in Defendant's possession, from documents or information that Defendant previously produced, or publicly available. Responding to such Interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such Interrogatories is substantially the same or less for Defendant as for Zaxcom. This objection encompasses, but is not limited to, documents previously produced by Zaxcom.

4. Zaxcom objects to each instruction, definition, and Interrogatory contained herein as overbroad, vague, and ambiguous to the extent that it calls for documents or information which lack specificity as to time, place, and/or subject matter with reasonable particularity as to meaning, scope, or application.

5. Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that is it not relevant to any claim or defense in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that it calls for a legal conclusion or makes an erroneous statement of law. Zaxcom will respond as to matters of fact and shall not be construed as stating, implying, or conceding any conclusions of law concerning any matter relevant to this litigation.

7. Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that it seeks documents or information based on a subjective conclusion about what the documents or information signify.

8. Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that they exceed the scope of allowed discovery.

9.  Zaxcom objects to each instruction, definition, and Interrogatory contained herein to the extent that it is premature, as such Interrogatories seek documents or information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom will only provide such information and documents in accordance with this Court's litigation schedule.

10. Zaxcom objects to each instruction, definition, and Interrogatory to the extent that they seek documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or any other applicable privilege. Zaxcom will withhold information to the extent possible on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege. Should any such disclosure by Zaxcom occur, it is inadvertent and shall not constitute a waiver of any privilege.

11. Zaxcom objects to each instruction, definition, and Interrogatory to the extent that they seek information that necessitates the disclosure of confidential information or documents that may be otherwise subject to confidentiality obligations with a non-party. Zaxcom will not provide such information and documents without the consent of the relevant third party and/or compliance with the required procedures of such obligations.

12. Zaxcom objects to each instruction, definition, and Interrogatory as unduly burdensome to the extent that they seek "[a]ll documents." Such Interrogatories seek information and documents that are readily or more accessible to Defendant from their own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced. Responding to such Interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such Interrogatories is substantially the same or less for Defendant as for Zaxcom. These Interrogatories also lack specificity as to time, place, and/or subject matter.

13. Zaxcom objects to each instruction, definition, and Interrogatory as overbroad, vague, and ambiguous to the extent that they call for documents or information which lack specificity as to time, place, and/or subject matter with reasonable particularity as to meaning, scope, or application. Zaxcom will provide responsive non-privileged information and documents that they are able to identify and locate after a reasonable search.

14. Zaxcom objects to each instruction, definition, and Interrogatory to the extent that it considers some of the answers responsive to other Requests, and to the extent that the Interrogatories calls for information that is redundant or duplicative of other Interrogatories.

15. Zaxcom incorporates by reference every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that request. Moreover, Zaxcom does not waive its right to amend its answers.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify what You contend is/are the effective filing date(s) of any Asserted Claim, and identify the principal and material factual and legal bases for Your contention.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom will only provide such information in accordance with this Court's litigation schedule. Zaxcom further objects to this request to the extent "effective

filing date(s) of any Asserted Claim" calls for a legal conclusion. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory because it asks for information not relevant to any claims or defenses of this action. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege.

At this time, Zaxcom will not respond to this Request. Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom reserves the right to provide a response in the event it becomes relevant to these proceedings(e.g., if Rode alleges invalidity of any Asserted Claim).

### FIRST SUPPLEMENTAL RESPONSE

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.   Zaxcom further objects to this interrogatory on the grounds that the Scheduling Order entered in this matter (D.I. 60) does not require Zaxcom to identify "Asserted Claims" at this time.  Subject to these objections, Zaxcom further responds as follows.  Asserted patents U.S. Patent Nos. 7,711,443; 7,929,902; 8,385,814; 9,336,307; 10,276,207 and 11,610,605 all claim priority to Application No. 11/181,062 filed on July 14, 2005, and were all accorded the benefit of that filing date by the Examiners examining the applications which issued as the patents-in-suit. Defendants are referred to the prosecution histories of each of the patents-in-suit that were produced in Zaxcom's document production.

**INTERROGATORY NO. 2:** If You are claiming a date of invention that is earlier than the effective filing date for any Asserted Claim, identify the date(s) on which the alleged invention

was first conceived and reduced to practice and all facts and evidence demonstrating diligence in reducing the alleged invention to practice.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom will only provide such information in accordance with this Court's litigation schedule. Zaxcom further objects to this request to the extent "date of invention" and "effective filing date(s) of any Asserted Claim" calls for legal conclusions. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory because it asks for information not relevant to any claims or defenses of this action. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege.

At this time, Zaxcom will not respond to this Request. Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom reserves the right to provide a response in the event it becomes relevant to these proceedings (e.g., if Rode alleges invalidation of any Asserted Claim).

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein. Zaxcom further objects to this interrogatory on the grounds that the Scheduling Order entered in this matter (D.I. 60) does not require Zaxcom to identify "Asserted Claims" at this time. Subject to these objections, Zaxcom further responds as follows. Zaxcom's investigation into the

conception and reduction to practice of the subject matter claimed in the patents-in-suit is ongoing. Zaxcom will supplement this response as discovery proceeds.  In an effort to be cooperative, Zaxcom refers Defendants to Ex. 2001 in the *inter partes* review of United States Patent 9,336,307 and the other exhibits referenced therein.

**INTERROGATORY NO. 3:** Identify all alleged commercial embodiments of the alleged invention disclosed in each of the Asserted Patents and any Related Patent.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom further objects to this request to the extent "commercial embodiments" calls for legal conclusions. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege. In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it calls for information not relevant to any claims or defenses of this case.

At this time, Zaxcom will not respond to this Request. Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom reserves the right to provide a response in the event it becomes relevant to these proceedings (e.g., Zaxcom provides a lost profits analysis of damages).

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set

forth herein.  Zaxcom further objects to this interrogatory on the grounds that the Scheduling Order

entered in this matter (D.I. 60) does not require Zaxcom to identify "Asserted Claims" at this time.

Subject to these objections, Zaxcom further responds as follows.  A list of transmitters that may

be used in the practice of one or more claims of the patents-in-suit is as follows:

TRX900

TRX900AA

TRX900LT

TRX900LTH

TRX900LTS

TRX900LA

TRX900LTHS

TRX900LAS

TRX900LANC

TRXLA2

TRXLT2

TRXLA3

TRXLT3

TRXFB3

ZMT3

ZMT3-Flex

ZMT3-X

ZMT4

ZMT4-Flex

ZMT4-X

TRXLA5

**<u>SECOND SUPPLEMENTAL RESPONSE</u>**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Zaxcom further objects to this interrogatory on the grounds that the Scheduling Order entered in this matter (D.I. 60) does not require Zaxcom to identify "Asserted Claims" at this time. Subject to these objections, Zaxcom further responds as follows.  A list of transmitters that may be used in the practice of one or more claims of the patents-in-suit is as follows:

TRX900

TRX900AA

TRX900LT

TRX900LTH

TRX900LTS

TRX900LA

TRX900LTHS

TRX900LAS

TRX900LANC

TRXLA2

TRXLT2

TRXLA3

TRXLT3

TRXFB3

ZMT3

11

ZMT3-Flex

ZMT3-X

ZMT4

ZMT4-Flex

ZMT4-X

TRXLA5

With regard to other components of claims directed to multi-component systems, any commercially available receiver and recorder may be used in the practice of one or more claims of the patents-in-suit.  For example, U.S. Patent 7,711,443 provides in pertinent part:

> Both live and replayed audio transmitted by local audio devices 102 may be received at receiver 106 and recorded by audio recorder 108. Receiver 106 and recorder 108 may be virtually any commercially available receiver and recorder. Receiver 106 receives the Wireless RF signals (e.g., modulated RF carrier signals) generated by all active local audio devices 102 and converts the signals to a format capable of being recorded by a commercially available recording device including, but not limited to, Zaxcom, Inc.'s DEVA® multi track recorder. In some embodiments, such commercially available recording devices record audio with a locally generated SMPTE-compatible timecode signal.

U.S. Patent, 7,711,443 at col. 4, lines 1 – 13.  Zaxcom receivers that may be used in the practice of one or more claims of the patents-in-suit include:

RX900

QRX200

QRX235

RX200

URX100

URX50

QRX212

MRX414

Zaxcom recorders that may be used in the practice of one or more claims of the patents-in-suit include:

Nomad

Deva 24

Nova

Certain claims of the patents-in-suit specify a "master timecode generator." Of the above-listed products, QRX235 and all the recorders have a master timecode generator.

**INTERROGATORY NO. 4:** Identify the objective indicia (including commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise for patented products, and copying and imitation by others) or other secondary considerations that You contend support any alleged nonobviousness of any Asserted Claim.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom further objects to this request to the extent "objective indicia" calls for legal conclusions. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common

13

interest doctrine, or any other applicable privilege. In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it calls for information not relevant to any claims or defenses of this case.

At this time, Zaxcom will not respond to this Request. Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom reserves the right to provide a response in the event it becomes relevant to these proceedings (e.g., Rode asserts obviousness of the Asserted Claim).

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein. Subject to these objections, Zaxcom further responds as follows. Zaxcom's investigation into secondary considerations is ongoing. At this time, Zaxcom preliminarily identifies at least commercial success, long-felt need, and industry recognition and praise as secondary considerations that Zaxcom may rely upon to support non-obviousness. Zaxcom's investigation of potential copying is ongoing. Zaxcom refers Defendants to ZAXPROD0039212-39218 as evidence in support of secondary considerations. Zaxcom reserves the right to update this response as discovery proceeds.

**INTERROGATORY NO. 5:** Identify all licenses to practice the Asserted Patents or any Related Patent and all settlement agreements involving payment of a royalty or damages for products alleged to infringe any such patents, including the terms of such licenses or settlement agreements and the parties to such licenses or settlement agreements.

**ANSWER:**

Zaxcom licensed Diety to use one or more of the Patents-In-Suit for payment of a royalty.

14

As far as the terms, this license agreement shall be provided in the documents to be produced by Zaxcom.

Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom will produce responsive, relevant, and non-privileged answers on a rolling basis. Zaxcom reserves the right to amend or supplement these answers in the event further documents are discovered.

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Subject to these objections, Zaxcom further responds as follows.  Zaxcom has produced the license to Amgreat (*i.e.,* "Deity") in discovery.   ZAXPROD0039219-39261. Pursuant to Fed. R. Civ. P. Rule 33(d), answer to this interrogatory may be determined by examining the Amgreat license and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it is for Zaxcom.


**INTERROGATORY NO. 6:** State the total amount of damages allegedly sustained by You due to RODE's alleged infringement of the Asserted Patents, Your theory of damages and the method(s) used to calculate Your alleged damages (including whether the calculation is based on lost profits, reasonable royalty, or some other measure of damages) and the principal and material factual and legal bases for Your damages calculation.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Request seeks information to be provided during expert discovery or to be used at depositions,

hearings, and trials. Zaxcom will only provide such information in accordance with this Court's litigation schedule. Zaxcom further objects to this Interrogatory to the extent that it calls for a legal conclusion. Furthermore, the terms "You"  and "Your" are overly broad and improperly seek to impose an obligation to provide information in the possession of third parties upon Zaxcom, of which Zaxcom has no control. Zaxcom understands "You" and "Your" to mean only Zaxcom Inc.

Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom will produce responsive, relevant, and non-privileged answers on a rolling basis. Zaxcom reserves the right to amend or supplement these answers in the event further documents are discovered.

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Zaxcom further objects to this interrogatory on the grounds it is premature because the Scheduling Order in this matter sets the time for production of expert reports in paragraph 11 and the information requested by this interrogatory is expected to be contained in an expert report issued in this matter.  Subject to these objections, Zaxcom further responds as follows.  Zaxcom seeks damages based on a reasonable royalty in this matter.  Although its investigation into damages is still ongoing, Zaxcom expects that the license Zaxcom entered into with Amgreat (*i.e.,* "Deity") will be relevant in any reasonable royalty calculation.  Defendants are referred to ZAXPROD0039219-39261.

**INTERROGATORY NO. 7:**  Identify all limitations of the Asserted Patents that have been construed by You or a court, commission, board, or tribunal and the corresponding claim construction.

**ANSWER:**
Zaxcom will produce documents associated with the prosecution history for all patents

related to the Patents-In-Suit, all court proceedings related to the Patents-In-Suit, and all Inter

Partes Review ("IPR") proceedings for the Patents-In-Suit. In addition to its general objections

and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the

grounds that it is unduly burdensome, overbroad, and not proportional to the needs of this case

as it seeks information that is readily or more accessible to Defendant from their own files, from

documents or information in Defendant's possession, from documents or information that

Defendant previously produced, or publicly available. Zaxcom further objects to this

Interrogatory as it calls for a legal conclusion. Furthermore, the term "You" is overly broad and

improperly seeks to impose an obligation to provide information in the possession of third parties

upon Zaxcom, of which Zaxcom has no control. Zaxcom understands "You" to mean only

Zaxcom Inc. In addition to its general objections and objections to the definitions and instructions,

Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this

Interrogatory seeks information to be provided during expert discovery or to be used at

depositions, hearings, and trials. Zaxcom will only provide such information in accordance with

this Court's litigation schedule. Zaxcom objects to this interrogatory because it asks for a

compilation, summary, or analysis of documents or information. Zaxcom objects to this

interrogatory because it asks for information not relevant to any claims or defenses of this action.

Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-

product doctrine, common interest doctrine, or any other applicable privilege.

Other than producing documents related to this Request, Zaxcom will not respond to this

Request.

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set

forth herein.  Subject to these objections, Zaxcom further responds as follows.  Terms in the claims of United States Patents 7,929,902; 8,385,814; and 9,336,307 were construed during the *Inter Partes* Reviews filed by Lectronsonics, Inc., using the discarded and discredited "broadest reasonable interpretation" standard that is inapplicable in this litigation.

**<u>SECOND SUPPLEMENTAL RESPONSE</u>**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Subject to these objections, Zaxcom further responds as follows.  Terms in the claims of United States Patents 7,929,902 ("the '902 patent"); 8,385,814 ("the '814 patent"); and 9,336,307 ("the '307 patent") were construed during the *Inter Partes* Reviews ("IPRs") filed by Lectronsonics, Inc., using the discarded and discredited "broadest reasonable interpretation" standard that is inapplicable in this litigation.

The pleadings files for the IPRs have been produced by Zaxcom at the following bates numbers:

'814 IPR – ZAXPROD0019387- 24195;

'902 IPR – ZAXPROD0024196 – 27975;

'307 IPR – ZAXPROD0027976- 32546;

The claim constructions using the discarded and discredited "broadest reasonable interpretation" standard that is inapplicable in this litigation are set forth in the Patent Trial and Appeal Board's ("PTAB") decisions in each of the IPRs.  These decisions are located at the following bates numbers:

'814 Decision – ZAXPROD0023558-236524.  The claim construction is set forth on ZAXPROD0023562 – 23568.

'902 Decision – ZAXPROD0026514 – 26588.  The claim construction is set forth on

ZAXPROD0026519 – 26527.

'307 Decision – ZAXPROD0030851 – 30916.  The claim construction is set forth in ZAXPROD0030856 – 30862.

These decisions were appealed by both Zaxcom and Lectrosonics to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  The pleadings for these appeals are located at ZAXPROD0039265-42664.  The Federal Circuit's decision in the appeal involving the '307 patent is located at ZAXPROD0039339-39344.  Claim construction under the discarded broadest reasonable interpretation standard is discussed at ZAXPROD0039341-39342.  The Federal Circuit's decision in the appeal involving the '814 and '902 patents is located at ZAXPROD0041864-41868.  Claim construction under the discarded broadest reasonable interpretation standard is discussed at ZAXPROD0041867.

Pursuant to Fed. R. Civ. P. Rule 33(d), answer to this interrogatory may be determined by examining the above-referenced decisions and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it is for Zaxcom.

**INTERROGATORY NO. 8:**  For each item of prior art identified in the Lectrosonics IPRs, identify every claim limitation of the Asserted Patents that You contend is not met by the item of prior art, as well as the basis for Your contention.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, and not proportional to the needs of this case as it seeks information that is readily or more accessible to Defendant from their own files, from documents or information in Defendant's possession, from documents or information that Defendant previously produced, or publicly available. Zaxcom further objects to this Interrogatory as it calls for a legal conclusion. Furthermore, the

19

term "You" is overly broad and improperly seeks to impose an obligation to provide information in the possession of third parties upon Zaxcom, of which Zaxcom has no control. Zaxcom understands "You" to mean only Zaxcom Inc. In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom will only provide such information in accordance with this Court's litigation schedule. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory because it asks for information not relevant to any claims or defenses of this action. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege.

Zaxcom will not respond to this Request.

**INTERROGATORY NO. 9:**  State each product allegedly covered by and/or marked with at least one of the Asserted Patents that Zaxcom has sold, and the unit and dollar amounts Zaxcom has received from the sale or distribution of such products.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom further objects to this request to the extent "covered by and/or marked with at least one of the Asserted Patents" calls for legal conclusions. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Zaxcom objects to this interrogatory on the basis of attorney-client privilege,

attorney work-product doctrine, common interest doctrine, or any other applicable privilege. In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it calls for information not relevant to any claims or defenses of this case. Plaintiff objects to this interrogatory because it contains a compound, conjunctive, or disjunctive questions.

At this time, Zaxcom will not respond to this Request. Zaxcom's review is ongoing. Subject to its specific objections and without waiver of its general objections and objections to the definitions and instructions, Zaxcom reserves the right to provide a response in the event it becomes relevant to these proceedings (e.g., Rode claims a lack of notice of the patents).

**FIRST SUPPLEMENTAL RESPONSE**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.   Subject to these objections, Zaxcom further responds as follows.   A list of transmitters that may be used in the practice of one or more claims of the patents-in-suit is as follows:

TRX900

TRX900AA

TRX900LT

TRX900LTH

TRX900LTS

TRX900LA

TRX900LTHS

TRX900LAS

TRX900LANC

TRXLA2

TRXLT2

TRXLA3

TRXLT3

TRXFB3

ZMT3

ZMT3-Flex

ZMT3-X

ZMT4

ZMT4-Flex

ZMT4-X

TRXLA5

Zaxcom's collection of sales information for these transmitters is ongoing and Zaxcom will further supplement this interrogatory as discovery proceeds.

**INTERROGATORY NO. 10:** Identify all documents by bates number range used, relied upon, or referenced in formulating answers to interrogatories, request for documents or requests for admission in this case.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it is premature, to the extent that this Interrogatory seeks information to be provided during expert discovery or to be used at depositions, hearings, and trials. Zaxcom further objects to this request to the extent "covered by and/or marked with at least one of the Asserted Patents" calls for legal conclusions. Zaxcom objects to this interrogatory because it asks for a compilation, summary, or analysis of documents

or information. Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege. In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this Interrogatory on the grounds that it calls for information not relevant to any claims or defenses of this case. Zaxcom objects to this Interrogatory as unduly burdensome as it seeks documents or information that are readily or more accessible to Defendant from their own files, from documents or information in Defendant's possession, from documents or information that Defendant previously produced, or publicly available. Responding to such Requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such Requests is substantially the same or less for Defendant as for Zaxcom.

Zaxcom will not respond to this Request.

### FIRST SUPPLEMENTAL RESPONSE

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Subject to these objections, Zaxcom further responds as follows.  Zaxcom consulted at least the following documents in responding to these interrogatories:

A.  The prosecution histories for each of the asserted patents;

B.  The pleadings files for the *inter partes* reviews for U.S. Patents 7,929,902; 8,385,814; and 9,336,307.

C.  Zaxcom's license with Amgreat (*i.e.,* Deity).  ZAXPROD0039219-39261; and

D.  Pictures of Awards ZAXPROD0039212-39218.  The originals of these awards will be made available for inspection prior to trial in this matter.

**INTERROGATORY NO. 11:**  Identify all persons, other than counsel, who were communicated, consulted or who otherwise provided information referring or relating to request for documents or requests for admission in this case or in connection with Zaxcom's answers to these interrogatories, including but not limited to any distributor, retailer, seller, supplier, expert,

consultant, or any other third party.

**ANSWER:**

In addition to its general objections and objections to the definitions and instructions, Zaxcom objects to this interrogatory on the basis of attorney-client privilege, attorney work-product doctrine, common interest doctrine, or any other applicable privilege. Zaxcom objects to this interrogatory because it asks for information not relevant to any claims or defenses of this action.

Zaxcom will not respond to this Request.

**<u>FIRST SUPPLEMENTAL RESPONSE</u>**

Zaxcom incorporates its prior objections to this interrogatory by reference as if fully set forth herein.  Subject to these objections, Zaxcom identifies Glenn Sanders.

Dated: <u>July 2, 2024</u>

/s/ *Gerard M. O'Rourke*
Sean T. O'Kelly (No. 4349)
Gerard M. O'Rourke (No. 3265)
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com

*Attorneys for Plaintiff Zaxcom Inc.*